**Ronald F. and Laura SANDS, on behalf of their minor son, Cody SANDS, Appellants,**

v.

**Kathleen M. and John R. GREEN, and State of Alaska, Appellees.**

No. S–11582.

Supreme Court of Alaska.

May 4, 2007.

Michael J. Schneider, Law Offices of Michael J. Schneider, P.C., Anchorage, and Brad D. De Noble, Eagle River, for Appellants.

Rod R. Sisson, Sisson Law Group, P.C., Anchorage, for Appellees Kathleen and John Green.

Eric A. Aarseth, Assistant Attorney General, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee State of Alaska.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

FABE, Justice.

## I. INTRODUCTION

The Sandses filed a personal injury claim on behalf of their minor son, Cody, which sought recovery for injuries sustained by Cody just before his eighth birthday. The superior court dismissed the claim, ruling that the statute of limitations governing personal injury claims for children under eight years old at the time of injury, codified at AS 09.10.140(c), had run. The Sandses appeal, arguing that the statute of limitations is unconstitutional. We agree. Subsection .140(c) forecloses the claims of minors injured before the age of eight whenever those minors' parents or guardians fail to file suit by the minors' tenth birthdays. This foreclosure effectively deprives minors of their constitutionally protected right to access the courts to seek redress for their injuries.

## II. FACTS AND PROCEEDINGS

The Sandses allege that their son Cody was attacked and injured by the Greens' dog on July 24, 1998, approximately one month prior to his eighth birthday. The Sandses filed a complaint on May 29, 2003, almost five years after the alleged incident and only a few months before Cody's thirteenth birthday, alleging negligence and strict liability on the part of the Greens in connection with Cody's injuries. The Greens moved to dismiss Cody's claim on the ground that it was barred under AS 09.10.140(c), which tolls the statute of limitations for personal injury claims for minors injured before their eighth birthdays only until they reach eight years of age and thereafter imposes a two-year statute of limitations. In both their complaint and their opposition to the Greens' motion, the Sandses challenged the constitutionality of AS 09.10.140(c). Relying upon this court's decision in *Evans ex rel. Kutch v. State,*[1] in which we upheld AS 09.10.140(c) as constitutional under an equal protection analysis, the superior court dismissed Cody's claim as time-barred.

The Sandses appeal, arguing that AS 09.10.140(c) violates Cody's right to procedural due process because it has deprived Cody of his right of access to the courts.[2] The Greens answer that Cody's right of access to the courts is not directly impeded under AS 09.10.140(c) because a child under eight years of age at the time of injury still has access to the courts through parents or guardians. On appeal, the State of Alaska joined in this proceeding, defending the constitutionality of AS 09.10.140(c).

## III. DISCUSSION

### A. Standard of Review

■ Whether a statute violates the Alaska Constitution is a question of law, which we review de novo, adopting the rule of law that is most persuasive in light of precedent, policy, and reason.[3]

### B. The Statutory Scheme

In 1997 the Alaska Legislature enacted a number of tort reform provisions, including a modified tolling procedure for the statute of limitations as applied to minors, which the Sandses challenge through this appeal.[4] Three of these provisions, codified at AS 09.10.070, AS 09.10.140, and AS 09.10.055, form the backdrop to the current dispute.

Alaska Statute 09.10.070 creates a general two-year statute of limitations for personal injury actions. Alaska Statute 09.10.140(a) exempts both minors and persons incompetent by reason of mental illness or mental disability from the general statute of limitations set forth in AS 09.10.070, tolling the statute of limitations during the period of disability and allowing two years after the disability ceases to bring suit. Read alone, this provision would allow plaintiffs injured when they were minors to bring suit through the two-year period following their eighteenth birthdays, when they reach the age of majority.

At the center of this dispute is AS 09.10.140(c), which effectively excludes a class of minor plaintiffs, those whose injuries occur when they are under the age of eight, from the broad tolling provisions granted to other minors under AS 09.10.140(a). Alaska Statute 09.10.140(c) provides that "[i]n an action for personal injury of a person who was under the age of eight years at the time of the injury, the time period before the person's eighth birthday is not a part of the time limit imposed under AS 09.10.070(a) for commencing the civil action." As we have interpreted this provision, it "will toll section .070's two-year time bar as to these minors only until they reach their eighth birthday."[5]

■ The Alaska Legislature also modified the statute of repose through its 1997

---

1. 56 P.3d 1046 (Alaska 2002).

2. Because we hold that AS 09.10.140(c) violates minors' right to access the courts under the due process clause of the Alaska Constitution, we need not reach the Sandses' additional "as applied" arguments.

3. *Anderson v. State,* 78 P.3d 710, 713 (Alaska 2003).

4. AS 09.10.140; ch. 26 §§ 7–8, SLA 1997.

5. *Evans,* 56 P.3d at 1065.

tort reform legislation.[6] As codified at AS 09.10.055, the statute of repose established a ten-year limit for all personal injury actions, including actions brought by all minors. This ten-year limit does not apply, however, if, among other exceptions not relevant here, a shorter period of limitations attaches.[7]

Read together, the tort reform provisions provide that the parents or guardians of minors who sustain injuries prior to their eighth birthdays have only until those minors' tenth birthdays to file a personal injury claim. Because AS 09.10.140(c) expressly provides for a shorter period of limitations, the ten-year statute of repose does not apply. For minors who sustain injuries when they are over the age of eight, the broad tolling provision of subsection .140(a) applies, which sets the age of majority as the outer limit for tolling the statute of limitations. Therefore, the parents or guardians of minors who sustain injuries after their eighth birthdays may bring suit until the minors turn eighteen, and the minors themselves may bring suit for two years after they turn eighteen under subsection .140(a), or until ten years after the injury occurs as limited by the statute of repose, whichever is shorter.

In this case, the superior court correctly concluded that "[h]ad the incident occurred a month later (after Cody turned eight), he would have had ten years to file this lawsuit ... [b]ut because Cody was not yet eight when the incident occurred, his parents had only two years after his eighth birthday under AS 09.10.140(c) to file the lawsuit." Because Cody's parents failed to file suit within

two years after Cody's birthday, Cody has been precluded under AS 09.10.140(c) from seeking redress for his injuries via the courts.

### C. Subsection .140(c) Violates the Due Process Right of Minors To Access the Courts.

■ As an initial matter, we note that this case involves a question of first impression. We are unpersuaded by the Greens' argument that *Evans* is controlling. In *Evans*, we assessed the constitutionality of subsection .140(c) only within the context of equal protection.[8] We did not address the issue that we address today: whether subsection .140(c) violates a minor's due process right to access the court system. We are similarly unpersuaded by the State's argument that we were "aware of the ramifications of [our *Evans*] decision" because "Justice Carpeneti pointedly discussed those ramifications in a detailed dissent." While the dissent in *Evans* did indeed discuss the ramifications of subsection .140(c) and argue that those ramifications constitute a denial of equal protection, it—like the lead opinion—did not consider the specific issue of due process.[9]

That our *Evans* decision did not reach this particular constitutional issue merely reinforces the wisdom of the rule that courts should generally avoid deciding abstract cases.[10] *Evans* involved a host of abstract facial challenges divorced from any factual context, and we warned at the time we decided *Evans* that future cases might require us

---

6. See ch. 26, § 5, SLA 1997. As we noted in *Turner Construction Co. v. Scales*, 752 P.2d 467, 469 n. 2 (Alaska 1988):

A statute of repose differs from a statute of limitation in that the former may bar a cause of action before it accrues, because the statute begins to run from a specific date unrelated to the date of injury. A cause of action thus precluded is *damnum absque injuria*, a loss without a remedy. In contrast, a statute of limitation begins to run when the plaintiff's cause of action accrues or is discovered. It operates to prevent a plaintiff from sleeping on his or her rights.

7. See AS 09.10.055(b)(3), which states that "[t]his section does not apply if ... a shorter period of time for bringing the action is imposed under another provision of law."

8. 56 P.3d at 1066 (concluding that "subsection .140(c)'s *disparate treatment* of minors under the age of eight is rationally based and furthers legitimate state interests") (emphasis added).

9. *Id.* at 1082 (Carpeneti, J., dissenting) (concluding that the tolling provision is a "deprivation of equal protection for injured children under the age of eight").

10. As we have previously commented, "ruling on the constitutionality of a statute when the issues are not concretely framed increases the risk of erroneous decisions." *Brause v. State, Dep't of Health & Soc. Servs., Bureau of Vital Statistics*, 21 P.3d 357, 360 (Alaska 2001) (declining to decide a controversy because of its abstract nature).

to take a second look at the constitutionality of the statutory scheme.[11] None of this is to say that we overrule or disavow our decision in *Evans*. But, given the abstract nature of *Evans*, it is not surprising that a concrete case involving a concrete factual scenario has uncovered a previously unanswered question. It is this unanswered question that we now address.

■ In determining whether a government action violates due process, we apply a three-part balancing test. We balance: (1) "the private interest affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the government's interest, including the fiscal and administrative burdens that additional or substitute procedural requirements would entail." [12]

### 1. The private interest affected

■ In *Bush v. Reid*, we recognized that the due process clause of the Alaska Constitution contains within it a "right of access" to the courts.[13] Although this right of access "may not be a fundamental right ... [it] is an important one." [14] Our case law has clarified that this important right is more expansive than that provided by the federal constitution and applies to suits for property, but is ordinarily implicated only when a legislative enactment or governmental action erects a direct and "insurmountable barrier"

in front of the courthouse doors.[15] Thus, in *Bush* we held that parolees' right of access was unconstitutionally burdened by a statute barring them from filing suit during their period of probation.[16] On the other hand, in *In re K.A.H.*, we held that plaintiffs' right of access was not unconstitutionally burdened by a rule prohibiting their lawyers from loaning them money for living expenses since that rule did not prohibit plaintiffs from filing suit.[17]

In the case at hand, we are confronted with a statute that bars minors from accessing the courts to pursue their personal injury claims whenever their parents or guardians fail to timely file suit. The Greens and the State both argue that this statute is not an insurmountable barrier because it allows minors injured before they are eight years old to file suit up until their tenth birthday. Historically, we have rejected similar arguments raised in other contexts,[18] and we do so again today.

Although minors possess an independent right of access to the courts, that right can only be exercised during their minority through the diligence of others. As the Supreme Court of Arizona has noted: "[T]he minor himself is helpless, particularly when under ten years of age" and "cannot assert [his right] unless someone else, over whom he has no control, learns about it, understands it, ... and ... [takes] action." [19] To say, as subsection .140(c) does, that minors can file suit until their tenth birthdays is really to say that parents or guardians can

11. 56 P.3d at 1049 (noting that "[t]he result we reach in this opinion might be different if we were presented with challenges to the law as applied in a particular case").

12. *Varilek v. City of Houston*, 104 P.3d 849, 853 (Alaska 2004) (internal quotations omitted) (quoting *Midgett v. Cook Inlet Pre–Trial Facility*, 53 P.3d 1105, 1111 (Alaska 2002)).

13. 516 P.2d 1215, 1217–20 (Alaska 1973). Article I, section 7 of the Alaska Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law."

14. *Patrick v. Lynden Transport, Inc.*, 765 P.2d 1375, 1379 (Alaska 1988).

15. *Varilek*, 104 P.3d at 853–55.

16. 516 P.2d at 1221.

17. 967 P.2d 91, 96 (Alaska 1998).

18. *See, e.g., Hanson v. Kake Tribal Corp.*, 939 P.2d 1320 (Alaska 1997) (holding that the tolling provision applies to claims of minor stockholders whose shares are held by adult custodians); *see also Grober v. State, Dep't of Revenue, Child Support Enforcement Div., ex rel C.J.W.*, 956 P.2d 1230, 1233 n. 5 (Alaska 1998) (holding that the tolling provision applies where CSED can bring an action on behalf of a minor and noting that the minor tolling rule "is designed to protect children from the negligence of those who could take the action for them").

19. *Barrio v. San Manuel Div. Hosp. for Magma Copper Co.*, 143 Ariz. 101, 692 P.2d 280, 286 (1984) (citations omitted).

file suit on behalf of minors until those minors' tenth birthdays. Therefore, whether or not minors are able to exercise their right of access during the period of time mandated under subsection .140(c) "depends upon good fortune":[20] it depends upon minors having parents or guardians willing and able to timely file suit. While many, perhaps even most, minors have diligent parents or guardians, not all minors are so lucky. As the Supreme Court of Texas has commented, "[i]t is neither reasonable nor realistic to rely upon parents, who may themselves be minors, or who may be ignorant, lethargic, or lack concern, to bring a [lawsuit] within the time provided by [the statute of limitations]."[21]

By forfeiting the personal injury claims of minors injured before the age of eight after their tenth birthdays, subsection .140(c) effectively closes the courthouse doors to minors unfortunate enough to have parents or guardians who fail to diligently pursue their rights. But matters of fate and fortune are not surmountable barriers, and having parents or guardians who are unwilling or unable to timely file suit is not something a minor can overcome. As we have previously recognized, it would be "fundamentally unfair to a minor to saddle the minor with the consequences of a custodian's neglect."[22] Ultimately, then, when subsection .140(c) forecloses a minor's personal injury claim because his or her parents or guardians have failed to timely file suit, it erects a direct and insurmountable barrier to that minor's right of access to the courts.

### 2. The risk of an erroneous deprivation

Having determined that it is a minor's important interest in accessing the courts that is at stake, we must now consider what the risk is that subsection .140(c) will result in an erroneous deprivation of that interest. Assuming, without deciding, that depriving minors of access to the courts is only errone-

ous when those minors have a legitimate personal injury claim, then subsection .140(c) will work an erroneous deprivation whenever a legitimately injured minor's parents or guardians fail to timely file suit. The exact frequency with which this will occur cannot be determined with mathematical certainty. However, given the important interest involved, we believe that the risk is high enough to cause concern. As the Supreme Court of Utah concluded when confronted with a similar statute, "the possibility that a child's rights may be lost through a parent's or another caregiver's neglect, indifference, or abandonment is too great for the law to ignore."[23]

### 3. The State's interest

■ Determining that subsection .140(c) presents a high risk of depriving minors of their important interest in accessing the courts does not conclude our due process balancing test; we must still weigh the State's interest in maintaining subsection .140(c). The State asserts that subsection .140(c) is necessary to: (1) encourage self-reliance and independence by emphasizing the need for personal responsibility; (2) prevent the litigation of stale claims; and (3) reduce the costs of malpractice insurance for professionals. Although these are, of course, legitimate interests,[24] we do not believe that they are weighty enough to justify depriving minors of access to the courts.

We first note that subsection .140(c) does not appear to further the State's interest in encouraging self-reliance and independence. The State contends that subsection .140(c) furthers this interest by requiring parents to "maintain a close watch on the welfare of their children." However, subsection .140(c)'s incentive structure is not squarely directed towards parents or guardians, but towards minors. And minors simply are not capable, either mentally or legally, of being self-reliant or independent by the "ripe old

---

20. *Id.*

21. *Sax v. Votteler*, 648 S.W.2d 661, 667 (Tex. 1983).

22. *Hanson*, 939 P.2d at 1326.

23. *Lee v. Gaufin*, 867 P.2d 572, 590 (Utah 1993).

24. *See Evans*, 56 P.3d at 1053, 1066.

**1136**

age of ten," [25] and no amount of legislative activity will change that.

Second, we note that the tort reform statutes do not pursue universally the State's interest in preventing the litigation of stale claims. Although subsection .140(c) allows minors injured before the age of eight to file suit only until their tenth birthdays, subsection .140(a) allows persons with mental disabilities to file suit whenever their disabilities terminate. The State argues that we should not read too much into this differential treatment and asserts that such treatment is justified because mentally disabled persons, unlike minors, may not be able to communicate their injuries to others who could act upon their behalf. However, we are not convinced that the ability to communicate means that a minor is more capable than a mentally disabled person of exercising his or her right to access the courts. As we have already noted, it is the diligence of a minor's parents or guardians that determines that minor's ability to access the courts during his or her minority. At the very least, this differential treatment reveals that the State's interest in preventing the litigation of stale claims is not so weighty as to counteract in all situations the private interest in accessing the courts.

Finally, although subsection .140(c) may reduce the cost of medical malpractice insurance, we do not feel that a possible reduction

in insurance prices justifies completely depriving some minors of their important right of access to the courts.

We therefore conclude that when subsection .140(c) forecloses a minor's personal injury claim because his or her parents or guardians have failed to timely file suit it violates that minor's procedural due process right of access to the courts. We are not alone in this determination. The state supreme courts of Arizona,[26] Ohio,[27] Missouri,[28] and Texas [29] have all held similar statutory schemes unconstitutional on the ground that they violate their state's constitutional guarantee of access to the courts. We stand with these other courts today in declaring that the State cannot lightly close the courthouse doors to minors.[30]

## IV. CONCLUSION

For the foregoing reasons, we hold that AS 09.10.140(c) violates the due process right of minors to access the courts. We therefore REVERSE the superior court's dismissal of Cody's claim as time-barred, and REMAND the case for further proceeding.

EASTAUGH, Justice, with whom BRYNER, Chief Justice, joins, dissenting.

I respectfully dissent from the court's holding that AS 09.10.140(c) unconstitutional-

**25.** *Strahler v. St. Luke's Hosp.*, 706 S.W.2d 7, 10 (Mo.1986).

**26.** *Barrio*, 692 P.2d at 286 (concluding that the medical malpractice statute of limitations violated minors' state constitutional right to recover damages for an injury).

**27.** *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 503 N.E.2d 717, 723 (1986) (concluding that the medical malpractice statute of limitations as applied to minors violated the state constitution's open-courts guarantee).

**28.** *Strahler*, 706 S.W.2d at 12 (concluding that the medical malpractice statute of limitations was "too severe an interference with a minor['s] state constitutionally enumerated right of access to the courts to be justified by the state's interest in remedying a perceived medical malpractice crisis").

**29.** The Supreme Court of Texas has actually struck down similar statutory schemes on two

occasions. *Weiner v. Wasson*, 900 S.W.2d 316, 318 (Tex.1995), *reh'g of cause overruled*, (July 21, 1995) (concluding that the medical malpractice statute of limitations was unconstitutional as applied to minors "because it purport[ed] to cut off [a minor's] cause of action before he reache[d] majority"); *Sax*, 648 S.W.2d at 667 (concluding that the medical malpractice statute of limitations violated the state constitution's open-courts guarantee by "effectively abolish[ing] a minor's right to bring a well-established common law cause of action without providing a reasonable alternative").

**30.** We recognize that the statute of repose, codified at AS 09.10.055, will at times bar minors from accessing the courts in much the same manner as subsection .140(c) and may therefore suffer from the same constitutional infirmities. However, because the statute of repose has not been squarely challenged and because our holding today resolves the immediate controversy—allowing the Sandses to bring suit on behalf of their son—we have no occasion to address this issue.

ly denied Cody Sands access to the courts. The court's opinion fails to recognize that subsection .140(c) is inextricably tied to Alaska's ten-year statute of repose, AS 09.10.055. Unless the statute of repose is also unconstitutional, subsection .140(c) serves the compelling state purpose of requiring parents to file claims on their children's behalf within a reasonable period of time in cases in which the statute of repose will bar those children from ever bringing claims on their own (i.e., not through a parent or legal guardian). Because the Sandses do not suggest that the statute of repose is unconstitutional, their challenge to subsection .140(c) should be rejected.

Alaska's statute of repose requires most claimants, including minors, to bring claims for personal injury, death, or property damage within ten years of accrual.[1] Because the statute of repose intends to completely extinguish a defendant's liability upon the expiration of a certain, set period of time,[2] it does not allow for tolling on the basis of minority or other legal disabilities. It therefore effectively prevents most minors who are injured while they are under the age of eight from ever bringing suit on their own behalf because it extinguishes their claims before they reach the age of majority. Since these children will never be able to bring suit on their own behalf, the legislature concluded that there is little reason to exempt parents seeking to bring suit on their children's behalf from the normal two-year statute of limitations applicable to personal injury suits.[3] Subsection .140(c) therefore provides that minors injured while under the age of eight are only entitled to tolling until their eighth birthday. At that time, their parents have the normal two years in which to file suit on their children's behalf before the statute of limitations bars their claims.

We recognized the purpose of subsection .140(c) in *Evans ex rel. Kutch v. State.*[4] In upholding the facial constitutionality of subsection .140(c), we reasoned that subsection .140(c) "simply separates those children for whom tolling the statute of limitations would preserve the ability to sue as adults from those whose ability to sue on their own will necessarily depend on exceptions included in the statute of repose."[5] Because the statute of repose would effectively bar children under age eight from suing in their own names regardless of tolling, we held that "it serves no useful purpose, and only encourages stale claims, to let their parents or guardians wait ten years before commencing an action."[6]

Today's decision holds that subsection .140(c) violates due process on the theory the statute denies minors access to the courts. It reasons that subsection .140(c) affects an "important" right because it "effectively closes the courthouse doors to minors unfortunate enough to have parents or guardians who fail to diligently pursue their rights."[7] Although the court's opinion acknowledges that the state has "legitimate" interests in preventing the litigation of stale claims, encouraging self reliance, and reducing the cost of insurance, the court's opinion holds that these interests are not "weighty enough to justify depriving minors of access to the courts."[8]

In my view, the court's due process analysis is mistaken because it fails to acknowledge the principal purpose of subsection

1.  *See* AS 09.10.055(a).

2.  *See, e.g., Penley v. Honda Motor Co.,* 31 S.W.3d 181, 184 (Tenn.2000) (characterizing Tennessee's statute of repose as "an absolute time limit within which actions must be brought," and "an outer limit or ceiling superimposed upon the existing statute [of limitations]" (citing *Cronin v. Howe,* 906 S.W.2d 910, 913 (Tenn.1995), and quoting *Harrison v. Schrader,* 569 S.W.2d 822, 824 (Tenn.1978))).

3.  *See* Rep. Brian S. Porter, Sectional Summary of Senate CS for CS for SS for HB 58(RLS) am S, An Act Relating to Civil Actions § 8, at 2 (Apr. 20, 1997) (noting that tolling provisions of sub-section .140 are "consistent with the operation of the statute of repose"); AS 09.10.070 (establishing two-year statute of limitations for personal injury actions).

4.  *Evans ex rel. Kutch v. State,* 56 P.3d 1046, 1066 (Alaska 2002).

5.  *Id.*

6.  *Id.*

7.  Op. at 1135.

8.  Op. at 1135–1136.

.140(c): to restore the typical two-year limitations period for personal injury claims in cases in which the statute of repose will prevent a minor from ever filing suit on his own behalf.[9] The court's opinion holds that subsection .140(c) infringes upon minors' right of access to the courts by foreclosing their claims before they reach the age of majority.[10] But, because of the statute of repose, the reality is that such children, including Cody Sands, never had any hope of bringing suit on their own behalf. Hence, it is not subsection .140(c) that potentially violates minors' (and Cody's) right to file suit on their own behalf, but the statute of repose.

If the statute of repose were unconstitutional, a plausible argument could be made that subsection .140(c) is also unconstitutional because the principal rationale for cutting off tolling at the child's eighth birthday would be eliminated. But the Sandses have not challenged the constitutionally of the statute of repose. Indeed, we considered the constitutionality of the statute of repose in *Evans* and held that it violated neither due process nor equal protection.[11] Because the Sandses do not raise the constitutionality of the statute of repose, they effectively concede that Cody will never be able to bring suit on his own behalf.

Absent a challenge to the statute of repose, subsection .140(c) serves only to restrict *the parents'* ability to sue on Cody's behalf. A proper analysis of the constitutionality of subsection .140(c) would therefore ask whether the provision is such a barrier to Cody's *parents'* access to the courts that it effectively denies Cody due process. To put it another way, if it is not an unconstitutional denial of due process to require adult litigants to bring claims on their own behalf within two years, why can the state not also require parents to decide whether to bring claims on behalf of their children within the same two-year period? The court's decision does not explain why Cody's parents require what is essentially an exception from the two-year limitations period in order to safeguard Cody's right of access to the courts.

It might be argued that parents should be given more time to file suit because very young children may be incapable of communicating with their parents well enough for the parents to ascertain whether a lawsuit should be brought. But subsection .140(c) addresses this objection by tolling the statute of limitations until the child reaches the age of eight. The parents therefore need not decide whether to bring suit on the child's behalf until the child is almost ten years old, and presumably capable of communicating any facts relevant to the parents' decision to sue.

There is another problem with the court's approach today. The court's reasoning—that subsection .140(c) is unconstitutional because it will not allow children to file suit on their own behalf—inexorably implies that the statute of repose is itself unconstitutional. But the validity of that statute has not been briefed here or substantively discussed in the court's opinion. If indeed the effect of today's decision is to doom the statute of repose, that would be a serious collateral consequence, and it would require overruling our recent holding in *Evans*. Indeed, the court's discussion appears to be premised on this unacknowledged conclusion. It is difficult to see how the court's reasoning today would allow a different result if, for example, an eighteen-year-old Cody attempted to bring suit on his own after his parents had intentionally declined or unwittingly failed to do so. Similarly, there would seem to be little to distinguish this case from one in which an injured claimant entitled to tolling for a mental disability later had the claim extinguished

9. This rationale also explains why subsection .140(c) treats the disability of minority differently from the disability of mental illness or mental disability. Op. at 1136. Although there is some hope that a potential litigant with a mental illness or a mental disability might be able to bring a claim before her claim were extinguished by the ten-year statute of repose, there is virtually no hope that a child who is injured before turning age eight will be able to bring a claim on his own behalf before the statute of repose extinguishes his claim. Such a child must rely on a parent or guardian to bring a claim on his behalf. That presumption might be problematic if a child had no competent parent or guardian, but there is no hint that Cody's parents were incompetent.

10. *See* Op. at 1135.

11. *Evans*, 56 P.3d at 1067–69.

by the statute of repose before the disability ended. It therefore appears that today's decision effectively but silently invalidates the statute of repose because that statute has the effect of barring all litigants unable to bring claims within the ten-year period from "accessing the courts in much the same manner as subsection .140(c)."[12] Regardless of whether the court's quoted conclusion is correct on the merits, it seems to me that such a significant step should not be taken without briefing by the parties and the attorney general or, for that matter, meaningful discussion of the statute of repose by the court itself.

Finally, even if the court were reaching the right result on the question whether Cody has the right to file suit on his own behalf, I am troubled by the court's view that "[i]t is neither reasonable nor realistic to rely upon parents ... to bring a [lawsuit] within the time provided by [the statute of limitations]."[13] This conflicts with Alaska law that gives parents and guardians substantial discretion in managing the financial affairs and property interests of their minor children.[14] Indeed, the United States Supreme Court has noted that there is a presumption that fit parents act in the best interest of their children:

> [T]he law's concept of the family rests on a presumption that parents possess what a child lacks in maturity, experience, and capacity for judgment required for making life's difficult decisions. More important, historically it has recognized that natural bonds of affection lead parents to act in the best interest of their children.[15]

Applying this presumption, a decision by parents not to sue on behalf of their child would seem to be presumptively in the child's best interest unless there were persuasive evidence to the contrary. The opinion's reasoning overturns this presumption. The opinion effectively implies that the state may not trust parents to act in their children's best interests in pursuing personal injury claims.[16] Consequently, for what is apparently the first time in our case law, the court's opinion implies that delegating authority to parents to make decisions regarding the minor child's property interests could be unconstitutional. It therefore renders any decision made by parents about whether to litigate a child's personal injury claim, and possibly their decisions about the child's other property interests, constitutionally suspect.

I would not rule out the possibility that subsection .140(c) might be unconstitutional as applied in circumstances in which some sort of legal disability or other disadvantage prevented the parents from filing suit within the two-year period. The statute might also be unconstitutional as applied if the child were unable to communicate the nature of his injury to his parents. The Sandses do not explain why they did not file suit within the two-year period provided by subsection .140(c). Absent any evidence that the Sandses (including Cody) were unusually burdened by the statute, I conclude that subsection .140(c) was not unconstitutional "as applied" to Cody, and not facially unconstitutional for reasons I discussed above.

In short, because subsection .140(c) can only be held facially unconstitutional if the statute of repose is also unconstitutional, and because the statute of repose is not properly at issue in this case, I would affirm the ruling of the superior court.

---

12. Op. at 1136 n. 30.

13. Op. at 1134–1135 (quoting *Sax v. Votteler*, 648 S.W.2d 661, 667 (Tex.1983)).

14. *Cf.* AS 13.26.070 (setting out powers and duties of guardian of minor).

15. *Troxel v. Granville*, 530 U.S. 57, 68, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (quoting *Parham v. J.R.*, 442 U.S. 584, 602, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979) (internal quotation marks and citations omitted)).

16. Ironically, the remedy this court fashions for the parents' ostensible failure to protect their child's best interest by bringing suit within the limitations period is not to allow the child to bring suit in his own name upon reaching majority, but to allow the parents to bring suit after the statute of limitations has expired. It is not clear why parents who, under the court's reasoning, are both presumptively and demonstrably unable to protect their child's interests, are nonetheless trustworthy enough to safeguard the child's interests once litigation has commenced.