832 P.2d 764

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Salvador A. MARTINEZ, Defendant–Appellant.**

No. 18883.

Court of Appeals of Idaho.

July 1, 1992.

Alan E. Trimming, Ada County Public Defender, Robert R. Chastain (argued), Deputy Public Defender, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson (argued), Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

This case presents a sentence review. In a jury trial, Salvador A. Martinez was found guilty of rape, forcible sexual penetration with a foreign object, and second degree kidnapping. I.C. §§ 18–6101, –6608, –4501, –4503. Martinez was sentenced to an indeterminate life sentence with twenty years fixed for rape, the identical sentence for forcible sexual penetration, and an indeterminate twenty-five year sentence with a minimum term of fifteen years for kidnapping. The court ordered that all sentences be served concurrently. Martinez contends that the sentences are excessive, and that the district court imposed these harsh sentences be-

cause of his efforts to defend himself when he thought his lawyer was not adequately representing him. We hold that Martinez has failed to demonstrate that his sentences are unreasonable, and we affirm.

The maximum penalty for rape is life imprisonment. I.C. § 18–6104. The maximum penalty for forcible sexual penetration with a foreign object is life imprisonment. I.C. § 18–6608. The maximum allowable penalty for second degree kidnapping is twenty-five years. I.C. § 18–4504. Where as here, "the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion." *State v. Broadhead,* 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991), *overruled in part on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992).

■ In order for Martinez to establish that his sentences are unreasonable, he must show that under any reasonable view of the facts, his sentences were excessive given the need to "accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). We treat the twenty-year fixed portion of Martinez's concurrent sentences as the term of confinement for appellate review. *State v. Broadhead, supra.*

■ It is Martinez's position on appeal that the sentences imposed are too severe and are attributable to his own efforts and persistence in presenting his defense. Among Martinez's actions were the filing of pro se motions for the substitution of counsel and challenging the jury, and the announcement on the record of his opinion that he was not given a fair trial and the reasons therefor. His pro se motion for substitution of counsel was based upon his allegation that the public defender had failed to advise him of the status of the case, that a conflict of interest existed, and that the public defender had essentially failed to zealously represent him. Martinez and the public defender informed the court that because Martinez was detained in Orofino, Idaho, during much of the time between the indictment and the trial, there existed some problems in communicating with each other. Martinez contends that his expression of dissatisfaction with the situation partly provoked the court into sentencing him harshly.

Martinez alleges that the following excerpts from the transcript of the hearing on the defendant's motion in limine establishes his contention that the court became upset and irritated with him:

MR. MARTINEZ: [I]'d like some time to discuss it with my lawyers, what that evidence is, because I think that it should be put into a suppression hearing.

THE COURT: These are matters that you should discuss—

MR. MARTINEZ: I've been 400 miles away.

THE COURT: Well,—

MR. MARTINEZ: This is the first time I seen them, again, since the last time I talked to them.

THE COURT: It's not doing you any good to talk to your attorney in the time you have and the time that you are spending in the courtroom talking to me about them. This is the time that you could be talking to him about them, which might do you some good.

So far as your motion on the Grand Jury, there's, in fact, statements that support that, nothing that is of affidavit form or otherwise, any records that would support those allegations. I'll sign an order disposing of that.

MR. MARTINEZ: Is it okay if I give an oral notice for a Notice of Appeal on that from the denial of the Grand Jury indictment? I had all my paperwork set up but they brought me out of the police on—

THE COURT: I think that you should be talking to your lawyer. Take up the next case.

We find nothing in the quoted portion above or in any other portion of the record that supports Martinez's contention that the court sentenced him based upon feelings of anger or irritation with Martinez's

efforts to obtain, in his view, a fair trial. We reject Martinez's argument that he was sentenced severely due to passion on behalf of the judge.

■ First, we emphasize that the only issue presented in this appeal is whether the sentences are unreasonable and an abuse of discretion. Martinez has not raised the issue of whether he was denied constitutional rights. In conducting our review of the record, we focus on the circumstances of the crimes and the character of the defendant. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

The crimes involved are very serious felonies and the circumstances of the crimes are extremely odious. Martinez along with two others awoke the victim at her home in the early morning hours of December 3, 1989, and told her to dress and come with them, while Martinez held a gun. After they had left the victim's home, Martinez threatened to kill her if she should try to escape. The four then drove to the home of another woman known by Martinez and the victim. Martinez was angry at the victim because she had "ratted" on him to the police. He then took the victim inside, forced her to disrobe and to clean the other woman's rectum with her hand, a small piece of tissue, and her mouth, after the woman had defecated. Martinez also forced the victim to lick the other woman's legs. The other woman testified that she also felt forced and intimidated by Martinez. Martinez struck the victim in the face, raped her, and forced a deodorant container into her vagina and rectum. Martinez also forced the victim to orally contact his penis for his own gratification, and he urinated in the victim's mouth and on her body.

In reviewing the nature of the crimes, we agree with the statements of the sentencing judge.

> Of cases I've presided over a substantial number of years these were among the most brutal and disgusting crimes that I've observed short of death cases. The measure of their seriousness must be substantial. The crimes appeared to have [had] very little to do with sex; they appeared to have [had] a great deal to do with brutality, retaliation and degradation.

The nature of the crimes sheds some light upon the defendant's character, as does the information contained in the presentence investigation report (PSI). Martinez, who was thirty-two when these crimes were committed, has been previously convicted of attempted robbery, grand theft, and strong-arm robbery, in addition to five misdemeanors. Although Martinez stated at the sentencing hearing that he accepted the jury's three verdicts of guilty in the present case, he still professed that the sexual encounters were consensual. Martinez had admitted guilt earlier in his PSI statement, however. In his PSI statement, Martinez also attributed his actions to his exposure to pornography and to physical and sexual abuse as a child.

The judge noted that Martinez did not genuinely admit guilt or express remorse and stated that this reflects poorly upon his prospects for rehabilitation. The judge addressed the other sentencing goals of deterrence, retribution, and the predominant goal of the protection of society.

We have considered the mitigating evidence in the presentence report concerning the advances made by Martinez in overcoming childhood exposure to physical and sexual abuse. We do not doubt, as the pattern is too familiar, that his childhood experiences were precursors to his own adult behavior, but it cannot be said that his past justifies these crimes committed by Martinez. Martinez has failed to show that the judge abused his discretion and that the sentences are unreasonable. We affirm the judgment of conviction including the sentences.

WALTERS, C.J., and SILAK, J., concur.