944 P.2d 127

**Salvador MARTINEZ, Petitioner–
Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 22735.**

Court of Appeals of Idaho.

May 30, 1997.

Rehearing Denied July 15, 1997.

Petition for Review Denied
Oct. 6, 1997.

Andrew Parnes, Ketchum, for petitioner–appellant.

Hon. Alan G. Lance, Attorney General, John C. McKinney, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This is an appeal from a district court order summarily dismissing an application for post-conviction relief on the ground that the action was untimely. The appellant raises several challenges to the application of the statute of limitation in this case.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On June 12, 1990, a jury found Salvador Martinez guilty of rape, I.C. § 18–6101, forc-

ible sexual penetration by use of a foreign object, I.C. § 18–6608, and kidnapping in the second degree, I.C. §§ 18–4501, –4503. Martinez was sentenced to an indeterminate life sentence with a twenty-year minimum term of incarceration for rape, an identical sentence for forcible sexual penetration, and an indeterminate twenty-five year sentence with a minimum term of fifteen years for kidnapping. The court ordered that all of the sentences be served concurrently. The judgment of conviction and sentences were affirmed by this Court in July 1992. *State v. Martinez*, 122 Idaho 193, 832 P.2d 764 (Ct. App.1992).

According to Martinez's allegations, in December 1992, Idaho correctional authorities transferred him to a California state prison to serve his Idaho sentences under an interstate compact regarding the housing of prisoners. In the spring of 1994, friends of Martinez retained an Idaho attorney to represent him. On June 21, 1995, while Martinez was still imprisoned in California, the attorney filed in the Idaho district court in which Martinez was convicted an action under the Uniform Post–Conviction Procedure Act (UPCPA), I.C. § 19–4901 *et seq.* The application for post-conviction relief alleged that Martinez received ineffective assistance from the court-appointed attorney who represented him in the criminal case. The district court issued a notice of intent to summarily dismiss Martinez's postconviction application on the basis that the action was barred by the one-year statute of limitation, I.C. § 19–4902. In response to this notice Martinez raised several challenges to the constitutionality of the statute of limitation and argued that even if it was constitutional, its running had been tolled due to Martinez's out-of-state incarceration without access to Idaho courts. The district court rejected Martinez's arguments and dismissed the application. This appeal followed.

## II.

## ANALYSIS

■ Idaho Code § 19–4906 authorizes summary disposition of UPCPA actions, ei-

ther pursuant to a motion of a party or upon the court's own initiative. *Chouinard v. State*, 127 Idaho 836, 839, 907 P.2d 813, 816 (Ct.App.1995); *Follinus v. State*, 127 Idaho 897, 899, 908 P.2d 590, 592 (Ct.App.1995). Summary dismissal is proper only when the evidence presents no genuine issues of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991). However, if the application presents only questions of law, disposition on the pleadings and the record is appropriate. *Daugherty v. State*, 102 Idaho 782, 783, 640 P.2d 1183, 1184 (Ct.App.1982). On review of a dismissal of a post-conviction application without an evidentiary hearing, we will determine whether a genuine and material issue of fact is demonstrated in the record and whether one party was entitled to judgment as a matter of law. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993). Here, since the State submitted no evidence to controvert Martinez's factual assertions, the facts are undisputed. The district court's summary dismissal order was predicated upon its conclusion that Martinez's claims are barred by the statute of limitation. In evaluating a post-conviction claim for summary disposition, the court assumes the truth of the applicant's allegations of fact. *Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975); *Ramirez v. State*, 113 Idaho 87, 88, 741 P.2d 374, 375 (Ct.App.1987). Therefore, we must address only whether, assuming the truth of the facts alleged by Martinez, his claims are time-barred. Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct.App.1992).

■ The limitation period for post-conviction relief actions is specified in I.C. § 19–4902, which provides that an application "may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of proceedings following an appeal, whichever is later." At the time

of Martinez's conviction, this statute provided a five-year limitation period, but a 1993 amendment shortened the period from five years to one year. 1993 Idaho Sess. Laws, ch. 265 § 1, at 898. This amendment took effect on July 1, 1993, and reduced the statute of limitation for Martinez's claim to one year from the effective date of the amendment. *See Esquivel v. State*, 128 Idaho 390, 913 P.2d 1160 (1996); *Chapman v. State*, 128 Idaho 733, 734, 918 P.2d 602, 603 (Ct.App. 1996). Because Martinez's application was not filed within this one-year period, the district court deemed the action to be time-barred.

## A. Waiver

 Martinez first argues that the statute of limitation defense was waived by the State because it was not asserted in the State's answer to Martinez's application. He avers that it was therefore improper for the district court to dismiss the application on this basis. Martinez relies upon I.R.C.P. 8(c), which provides that a party must affirmatively plead the statute of limitation as a defense.

Martinez's argument overlooks the fact that I.C. § 19–4906(b) authorizes the trial court to raise issues *sua sponte*. That statute provides:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed....

Under the terms of this statute, a trial court, in determining whether the applicant "is not entitled to post-conviction relief," is not limited to defenses pleaded by the State. Indeed, the trial court may issue a notice of its intent to dismiss before the State has filed any response whatsoever to the application. Ac-

cordingly, it was proper for the district court to consider the statute of limitation though this defense was not raised by the State.[1]

## B. Motion for Transcripts

 In June 1994, more than a year before the filing of his application for post-conviction relief, Martinez's attorney filed a motion for an order requiring preparation of the transcript of the criminal trial at the State's expense to facilitate his investigation of the grounds for a post-conviction action. This motion was ultimately granted by the district court, and the transcripts were completed by late September 1994. Martinez argues that this motion for the preparation of the trial transcript tolled the limitation period and that the statutory period did not expire until one year after the determination of the motion. He relies upon that portion of I.C. § 19–4902 which allows commencement of a post-conviction action within one year "from the determination of proceedings following an appeal." According to Martinez, his motion for the preparation of trial transcripts was such a proceeding.

 Martinez's argument is without merit. The same language from Section 19–4902 was considered by this Court in *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. We there held that a "proceeding following an appeal" means a proceeding conducted in the criminal action, not in collateral judicial proceedings. We explained:

> [A] "proceeding following an appeal" may include a remand of the criminal case to the trial court as a consequence of the direct appeal from a judgment of conviction, for example, but does not encompass a separately filed proceeding under the UPCPA or one for relief such as by way of a writ of habeas corpus, subsequent to the judgment of conviction.

*Id.* at 629, 836 P.2d at 1090. As explained in *Freeman*, the UPCPA affords the opportunity for a collateral challenge outside of the stream of events and procedure that lead to the finality of a conviction in the same pro-

---

1. If the statute of limitation defense was not raised by either the State or the court, however, the State may not assert the defense for the first time on appeal. *See Hoffman v. State*, 124 Idaho 281, 282, 858 P.2d 820, 821 (Ct.App.1993).

ceeding in which the conviction is pronounced. That finality may be achieved by a failure to appeal the judgment of conviction or by an affirmance of the judgment on appeal or by the completion of the case consistent with directives given with a remand from the appellate court and exhaustion of further appellate remedies. *Id.* Therefore, the time limit to file an application for post-conviction relief "is not renewed or extended by any other collateral post-judgment proceeding." *Id.*

■ Martinez's judgment of conviction became final when it was affirmed on appeal in July 1992. There was no remand from the appellate court for further proceedings in the criminal action. It follows that Martinez's motion for preparation of the trial transcript, for use in his post-conviction action, did not affect the time for filing an application for postconviction relief.

## C. *Ex Post Facto* Law

■ Martinez also argues that the shortened statute of limitation is an unconstitutional *ex post facto* law when applied to individuals who, like himself, were convicted prior to its passage. The Idaho Supreme Court recently considered and rejected this argument in *Esquivel.* The Court there explained:

> [E]ven if a law operates to the defendant's detriment, the ex post facto prohibition does not restrict "legislative control of remedies and modes of procedure which do not affect matters of substance." Hence no ex post facto violation occurs if the change in the law is merely procedural and does "not increase the punishment, nor change the ingredients of the offense or the ultimate facts necessary to establish guilt."

*Esquivel v. State,* 128 Idaho at 392, 913 P.2d at 1162, *quoting Miller v. Florida,* 482 U.S. 423, 433, 107 S.Ct. 2446, 2452–2453, 96 L.Ed.2d 351 (1987). The Court further noted that application of the amended statute to persons convicted prior to its effective date does not constitute a retroactive application:

> [W]hen a statutory period of limitation is amended to reduce the limitation period, the party whose right accrued before the

effective date of the amendment cannot be heard to complain if he is given the full time allowed for action according to the terms of the amended statute from and after the effective date of the amended statute.

*Esquivel,* 128 Idaho at 391, 913 P.2d at 1161, *citing University of Utah Hospital v. Pence,* 104 Idaho 172, 175, 657 P.2d 469, 472 (1982). *See also Reyes v. State,* 128 Idaho 413, 913 P.2d 1183 (Ct.App.1996); *LaFon v. State,* 119 Idaho 387, 807 P.2d 66 (Ct.App.1991).

The Court in *Esquivel* indicated that there are, nonetheless, some limits to the legislature's ability to amend a statute of limitation. A legislative reduction of a statutory period of limitation, when applied to an accrued cause of action, must allow "a reasonable amount of time ... within which to assert the cause." *Esquivel,* 128 Idaho at 392, 913 P.2d at 1162 *quoting LaFon* 119 Idaho at 390, 807 P.2d at 69. The Court concluded that the period of one year from the effective date of the amendment to I.C. § 19–4902 provided a reasonable amount of time in which to file an application, and was not, therefore, an impermissible *ex post facto* law. *Esquivel,* 128 Idaho at 392, 913 P.2d at 1162. Accordingly, the district court properly rejected Martinez's assertion that the legislative reduction of the limitation period is an *ex post facto* enactment.

## D. Due Process

■ Next, Martinez contends that imposition of a one-year limit on his right to file an application for post-conviction relief violates his right, under the Fourteenth Amendment to the United States Constitution and Article I, § 13, of the Idaho Constitution, to due process of law.

It is well established that the Due Process Clause of the Fourteenth Amendment does not prohibit a state from attaching reasonable time limitations to the assertion of federal constitutional rights. *Michel v. Louisiana,* 350 U.S. 91, 97, 76 S.Ct. 158, 162, 100 L.Ed. 83 (1955). *See also Brown v. Allen,* 344 U.S. 443, 486, 73 S.Ct. 397, 422, 97 L.Ed. 469 (1953). "The test is whether the defendant has had 'a reasonable opportunity to

have the issue as to the claimed right heard and determined.'" *Michel,* 350 U.S. at 93, 76 S.Ct. at 160 *quoting Parker v. People of State of Illinois,* 333 U.S. 571, 574, 68 S.Ct. 708, 710, 92 L.Ed. 886 (1948). Accordingly, in determining whether the time limit of I.C. § 19–4902 offends the federal constitution's due process guarantee, our inquiry is whether the statute provided the applicant with a reasonable amount of time in which to pursue his claim for relief.

Whether the one-year limitation period provided by Section 19–4902 is reasonable has already been resolved. As noted above, the Idaho Supreme Court concluded in *Esquivel,* 128 Idaho at 392, 913 P.2d at 1162, that the one-year limitation period provides prisoners a reasonable amount of time within which to file their applications for post-conviction relief. Accordingly, there is no merit in Martinez's assertion that the Fourteenth Amendment's due process guarantee was violated.

Martinez does not differentiate his argument under the Fourteenth Amendment from his due process argument under Art. I, § 13 of the Idaho Constitution. Because he does not assert that the state constitution provides a greater scope of protection than the Fourteenth Amendment, we will not separately consider his state constitutional claim. *See State v. Ross,* 129 Idaho 380, 381, 924 P.2d 1224, 1225 (1996).

**E. Access to the Courts**

■ Martinez next raises an issue of deprivation of his constitutional right to access to the courts. He argues that he was prevented from pursuing a post-conviction relief action due to his incarceration in a California prison which does not offer a law library with Idaho law books.

Martinez rests his right of access argument upon Art. I, § 18, of the Idaho Constitution, which states, "The courts of justice shall be open to every person ... and justice shall be administered without sale, denial, delay or prejudice." The Idaho Supreme Court has stated that the purpose of Art. I, § 18 is "to secure to the citizen the rights and remedies that the law as it then existed, or as it might be changed from time to time

by the legislature, afforded." *Moon v. Bullock,* 65 Idaho 594, 603, 151 P.2d 765, 769 (1944), *overruled on other grounds by Doggett v. Boiler Engineering & Supply Co.,* 93 Idaho 888, 477 P.2d 511 (1970). This statement of purpose, as it relates to prisoners, is similar to the United States Supreme Court's description of "a corollary" of the Fourteenth Amendment's Due Process Clause: "The constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights." *Procunier v. Martinez,* 416 U.S. 396, 419, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974). Although Martinez has not predicated his claim on the Fourteenth Amendment, in light of the apparent similarity in purpose of these two constitutional guarantees, in interpreting Art. I, § 18 of the Idaho Constitution we will consider precedents applying the right of access to the courts under the federal Due Process Clause.

The United States Supreme Court has long held that prisoners have a constitutionally protected right of access to the courts to present challenges to the legality of their convictions or the conditions of their confinement. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494–95, 52 L.Ed.2d 72 (1977); *Wolff v. McDonnell,* 418 U.S. 539, 578–80, 94 S.Ct. 2963, 2985–86, 41 L.Ed.2d 935 (1974); *Procunier, supra; Johnson v. Avery,* 393 U.S. 483, 485–86, 89 S.Ct. 747, 748–49, 21 L.Ed.2d 718 (1969); *Ex parte Hull,* 312 U.S. 546, 549, 61 S.Ct. 640, 641–42, 85 L.Ed. 1034 (1941). This right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate prison law libraries or adequate assistance from persons trained in the law." *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498. Methods other than providing law libraries may be employed to satisfy prisoners' right of access to the courts. The *Bounds* opinion explains:

[W]hile adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, our decision ... does not foreclose alternative

means to achieve that goal.... Among the alternatives are training of inmates as paralegal assistants to work under lawyers' supervision, the use of paraprofessionals and law students, either as volunteers or in formal clinical programs, the organization of volunteer attorneys through bar associations or other groups, the hiring of lawyers on a part-time consultant basis, and the use of full-time staff attorneys, working either in new prison legal assistance organizations or as part of public defenders or legal services offices.

*Id.* at 830–31, 97 S.Ct. at 1499.

We find persuasive the United States Supreme Court's determination that such accommodations are necessary to afford inmates a meaningful opportunity to present to the courts claims for denial of constitutional rights or to otherwise challenge the validity of their convictions. Without either access to Idaho legal reference books, with which to research their rights and prepare their own pleadings, or the availability of representation by persons trained in Idaho law and procedure, prisoners would find the Art. I, § 18 guarantee that "courts of justice shall be open to every person," a hollow promise. Therefore, we hold that Art. I, § 18 of the Idaho Constitution imposes the same requirement for provision of adequate prison law libraries or adequate legal assistance that the United States Supreme Court articulated in *Bounds* as a requirement of the Due Process Clause.

■ We can find no basis in principle or logic to distinguish between the right of access to the courts of an Idaho inmate housed in an Idaho correctional institution and that of an Idaho inmate housed elsewhere. We therefore agree with jurisdictions·which have held that the constitutional right of access to the courts is violated when a prisoner is housed in an out-of-state facility without either legal reference materials of the state of conviction or reasonable alternative means of access of the type described in *Bounds. See Johnson v. Delaware,* 442 A.2d 1362 (Del. 1982); *Shoats v. Commissioner, Pennsylvania Department of Corrections,* 591 A.2d 326, 139 Pa.Cmwlth. 607 (1991).

■ Here, Martinez's evidence, submitted in response to the district court's notice of intent to dismiss his action, indicated that he was represented by a public defender in the criminal case and that, after his conviction, he was housed in a California penal institution without access to Idaho legal materials and without appointed counsel. Martinez asserts that he was without legal representation until his friends hired a private attorney to assist him. If the facts alleged by Martinez regarding the circumstances of his confinement are true, use of the UPCPA as a mechanism to challenge the validity of his conviction was effectively foreclosed to him until he acquired private counsel through efforts of his friends. We therefore conclude that Martinez made a *prima facie* showing that he was deprived of meaningful access to Idaho courts, to which he was entitled under Art. I, § 18 of the Idaho Constitution, during his incarceration in California. In order to prevent prejudice to Martinez from this abridgement of his access to Idaho courts, we are constrained to hold that, if Martinez were to sustain his burden of proving such abridgement at an evidentiary hearing, the limitation period for his post-conviction action would be deemed tolled until Martinez was afforded access to Idaho courts through his retained counsel.

This determination would ordinarily require a remand to the district court for an evidentiary hearing at which Martinez's evidence regarding the lack of a library or legal assistance could be weighed against any countervailing evidence from the State. However, such a remand is not required in this case because, accepting all of Martinez's factual assertions as true, the tolling ceased when Martinez obtained the assistance of counsel, and that event occurred more than one year before the commencement of the present action. The record does not indicate the precise date when Martinez's private attorney was retained, but it does show that the attorney was representing Martinez by June 6, 1994, when the attorney filed a motion for the preparation of transcripts of the criminal trial. Unfortunately, Martinez's application for post-conviction relief was not filed until June 21, 1995, more than a year later. Since Martinez did not file his post-

conviction application within one year of gaining the ability to access the Idaho courts through his counsel, his application is barred by the limitation period of I.C. § 19–4902.

### F. Discovery Exception

 Finally, Martinez contends that a discovery exception to the time limits for filing an application for post-conviction relief should be applied in his case. He argues that because he was housed out of state and was unable to contact people within Idaho to assist him in discovering the facts upon which to base his claim, he should be given a year after the discovery of the facts supporting his claim in which to file an application for relief.

The Idaho appellate courts have never squarely decided whether a discovery exception may be engrafted onto the limitation period of I.C. § 19–4901. *See Chapman*, 128 Idaho at 735, 918 P.2d at 604. However, assuming a discovery exception may be made in appropriate circumstances, it would be unavailing for Martinez because he does not raise a genuine discovery issue. Martinez's claim for post-conviction relief alleges that he received ineffective assistance from his defense attorney because the attorney failed to call a particular witness to testify on Martinez's behalf at trial. Martinez argues that his out-of-state confinement precluded him from acquiring the necessary information to raise this claim, and that he did not "discover" this information until after he gained access to the information through the efforts of his post-conviction attorney. This argument is meritless, for Martinez's own evidence indicates that the witness would testify to things that occurred while she was with Martinez on the day of the alleged crime. Thus, even before his criminal trial, Martinez knew of the witness and of the information that she possessed which could be relevant to his defense. Accordingly, the alleged facts upon which his claim is based are not newly discovered, and application of a discovery exception would not be appropriate here.

### III.

### CONCLUSION

None of the bases asserted by Martinez to avoid the time bar of I.C. § 19–4902 are valid. Although he has asserted facts which, if true, amounted to a deprivation of his right of access to the Idaho courts, and this deprivation may have temporarily tolled the statute of limitation, such tolling ceased when Martinez retained an Idaho attorney. He did not thereafter file his post-conviction application within the one-year limitation period. Accordingly, we affirm the district court's order summarily dismissing Martinez's application for post-conviction relief.

WALTERS, C.J., and PERRY, J., concur.