**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41049**

| | | |
|---|---|---|
| CYNTHIA DAWN SALINAS, | ) | 2014 Unpublished Opinion No. 703 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 28, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. George A. Southworth, District Judge.

Summary dismissal of petition for post-conviction relief, <u>affirmed</u>.

Cynthia Dawn Salinas, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Cynthia Dawn Salinas appeals from the district court's summary dismissal of her petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts in this case are set forth in this Court's unpublished decision on Salinas's direct appeal, *State v. Salinas*, Docket No. 38935 (Ct. App. Apr. 23, 2012), as follows:

> Cynthia Dawn Salinas pled guilty to felony driving under the influence. I.C. § 18-8004(C). The district court imposed a unified ten-year sentence with a five-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Salinas on probation. Subsequently, Salinas admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Salinas appeal[ed], contending that the district court abused its discretion in revoking probation and that the sentence was excessive.

1

This Court affirmed the district court's order revoking Salinas's probation and executing her sentence. *Salinas*, Docket No. 38935.

While the appeal was pending, Salinas filed a pro se petition for post-conviction relief asserting ineffective assistance of counsel on the basis that her attorney failed to provide information to the court with regard to her probation violation and that her trial counsel failed to timely file an appeal in her criminal case. The State filed a motion for summary dismissal and following a hearing, the district court summarily dismissed the petition, concluding there was no material issue of fact. Salinas timely appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering

summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*,

125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In her post-conviction petition, Salinas alleged the following claims: (1) counsel failed to provide information to the court with regard to her probation violation; (2) counsel failed to raise extenuating circumstances in court; and (3) counsel failed to timely file an appeal in her criminal case. On appeal, Salinas essentially argues these same claims, apparently relying on the same affidavit that was attached to her post-conviction petition. However, she provides no authority to support these claims. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

4

Even if Salinas did provide authority to support her claims, she has not alleged the requisite facts necessary for her claim to survive summary dismissal. The first two claims constitute essentially the same issue of whether her attorney provided ineffective assistance of counsel by failing to provide information to the court that would serve as a defense to her probation violation. Salinas claims that she sought assistance from the prosecutor, her public defender, and her probation officers in acquiring a modification of her probation terms, but they would not help her. Consequently, she made the decision to consume alcohol at a time when she was subject to alcohol testing as a condition of probation, knowing it was a violation to do so. She alleges that she consumed alcohol to obtain the attention of the judge and achieve a modification to the conditions of her probation. As a defense to this probation violation, she alleges her attorney did not provide her with competent representation because the attorney failed to bring to the court's attention her efforts to seek help before she resorted to consuming alcohol. The district court addressed and dismissed these claims, finding that Salinas knowingly and admittedly violated her probation by consuming alcohol. Therefore, the court held that Salinas failed to present sufficient evidence to raise a material issue of fact to support her claims of ineffective assistance of counsel. Further, the district court found that Salinas failed to demonstrate prejudice from any ineffective assistance of counsel claim. Salinas has not challenged by argument or authority the district court's rulings, and, thus, has failed to show that the district court erred in summarily dismissing these claims.

Salinas also asserts that her trial counsel failed to timely file an appeal in her criminal case. The district court summarily dismissed this claim, noting that an appeal of her sentence in her criminal case actually was filed by counsel, and was affirmed by this Court on April 23, 2012. *See Salinas*, Docket No. 38935. Therefore, this claim is without merit and the district court did not err in summarily dismissing Salinas's claim in this regard.

### III.

### CONCLUSION

Salinas failed to demonstrate that the district court erred in granting summary dismissal of her petition for post-conviction relief. Therefore, the district court's order dismissing Salinas's petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ **CONCURS.**

Judge LANSING **CONCURS IN THE RESULT.**