**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41783**

| | | |
|---|---|---|
| **DONALD BRUCE RUSSELL,** | ) | **2015 Unpublished Opinion No. 467** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: April 16, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Michael J. Griffin, District Judge.

Summary dismissal of petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Donald Bruce Russell appeals from the district court's summary dismissal of his petition for post-conviction relief. Russell claims his trial counsel was ineffective by failing to adequately present mitigation evidence at his sentencing hearing. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Russell pled guilty to lewd conduct with a minor child under sixteen, Idaho Code § 18-1508. The district court imposed a unified sentence of fifteen years with a five-year determinate term. Subsequently, Russell filed a pro se petition for post-conviction relief asserting claims of ineffective assistance of counsel and due process violations. Russell also filed a motion for appointment of counsel.

The court appointed counsel to represent Russell in his post-conviction proceedings, and through counsel Russell filed an amended petition for post-conviction relief. In his amended

1

petition, Russell asserted seven claims of ineffective assistance of counsel. After providing notice, the district court summarily dismissed portions of Russell's amended petition, including whether Russell's trial counsel failed to adequately present mitigation evidence "upon the grounds that [Russell's] allegations are bare conclusory statements and not supported by admissible evidence, and do not state grounds upon which relief can be granted." However, the court reserved two issues for hearing. Following an evidentiary hearing on the two reserved issues, the district court denied Russell's amended petition for post-conviction relief. Russell timely appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering

2

summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*,

3

125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

On appeal, Russell argues that the district court erred when it summarily dismissed his petition for post-conviction relief on the issue of whether his trial counsel was ineffective for failing to adequately present mitigation evidence at his sentencing hearing. In support of his claim, Russell cites to the affidavit filed in support of his petition which states in relevant part:

47. I asked my attorney to bring up specific issues regarding the timing of doctor's appointments I had scheduled in aid of mitigation at sentencing and he failed to do so; and

48. I asked that he obtain proof of the previously scheduled doctor appointments as proof of my commitment to seek help toward rehabilitation and he refused . . . .

As noted, the district court held that Russell's allegations are "bare conclusory statements and not supported by admissible evidence, and do not state grounds upon which relief can be granted." We agree. Russell's conclusory statements do not establish that his defense counsel's actions were deficient. Russell only offered bare conclusory statements regarding this claim and his affidavit was entirely devoid of any information pertaining to the doctor appointments he referenced.[1] His affidavit did not explain the purpose of the doctor appointments, the dates of those appointments, if he attended the appointments, why he made the appointments, the name of the doctor, or what the doctor would have treated Russell for. He presented no evidence from any doctor. The only assertion he presented was that the "timing of doctor's appointments" showed his "commitment to seek help toward rehabilitation."

Even assuming counsel's performance was deficient for failing to present evidence of Russell's doctor appointments, Russell has failed to present any evidence to establish prejudice. Russell claims the evidence of his doctor appointments would have shown proof of his potential to be rehabilitated, but he offers no evidence supporting this claim. Moreover, as the district court noted, after the evidentiary hearing relating to the two issues that survived summary dismissal, the sentencing court found that "Russell could probably be rehabilitated and Russell would follow the rules if placed on probation." Yet, the sentencing court declined to place Russell on probation and sentenced him to prison because of the "seriousness of the offense and the harm done to the victim," not because he was not amenable to treatment. Russell's contentions relative to his doctor appointments are bare as to how the information may have resulted in a different sentence, particularly in light of the sentencing court's concerns as to the

---

[1] In response to the district court's notice of intent to dismiss his petition on this basis, Russell filed a memorandum in which he clarified the two issues remaining for hearing, but declined to supply additional evidence pertaining to the remaining issues. Specifically, Russell stated "[t]he Petitioner does not submit additional admissible evidence to support the other issues that the Court has noticed for dismissal, but hereby reserves his right to appeal those issues should the Defendant choose after a final order is entered in this matter."

5

seriousness of his offense. Therefore, even if his trial counsel's performance was deficient, Russell has failed to demonstrate that the outcome of the sentencing hearing would have been different had the district court been informed of Russell's scheduled doctor appointments.

## III.

## CONCLUSION

Russell failed to demonstrate that the district court erred in summarily dismissing his petition for post-conviction relief on the issue of whether trial counsel was ineffective for failing to adequately present mitigation evidence at his sentencing hearing. Therefore, the district court's order dismissing Russell's petition for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**