16 P.3d 302

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Alan BRANDT, Defendant–Appellant.**

No. 26227.

Court of Appeals of Idaho.

Oct. 27, 2000.

Review Denied Jan. 9, 2001.

Alan Lee Brandt, Boise, pro se appellant.

Hon. Alan G. Lance, Attorney General; Kenneth M. Robins, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge

Alan Brandt appeals from the district court's order upholding Brandt's judgment of conviction for resisting and obstructing an officer. We affirm.

## I.

## BACKGROUND

In May 1998, Brandt was charged with resisting and obstructing an officer. At his arraignment hearing, Brandt waived his right to court-appointed counsel and declared that he preferred to represent himself. Brandt was incarcerated in the Twin Falls County jail while awaiting trial.

Prior to trial, Brandt filed a "Motion for Meaningful Access to the Courts," requesting that he be provided legal materials to facilitate his preparation of his defense, such as a copy of the Idaho Court Rules, a copy of I.C. § 18–705, and "some precedent case law defining what the Idaho Supreme Court and federal government say on the subject." In the alternative, Brandt requested access to the county law library. Brandt also filed a motion to dismiss on the ground that he had been denied access to requested legal material. The magistrate denied Brandt's motions. The record reflects that Brandt was able to obtain some legal materials through his brother.

Following a trial, Brandt was found guilty of the charged offense and sentenced to 180 days in jail, with credit for time served. Brandt appealed to the district court, arguing that the magistrate had abused its discre-

tion in denying his motion to dismiss and his motion for meaningful access to the courts. The district court affirmed the magistrate's denial of Brant's motions. Brandt appeals as a pro se appellant to this Court.

## II.

## ANALYSIS

■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

■ On appeal, Brandt argues that he was denied his state and federal constitutional right to access to the courts. Brandt contends that he was prevented from adequately defending himself because the state did not provide him with requested legal materials. We note that Article I, Section 18, of the Idaho Constitution imposes the same standard as the Due Process Clause of the United States Constitution when determining the extent to which a prisoner is entitled to access to law libraries and legal material. *Martinez v. State,* 130 Idaho 530, 536, 944 P.2d 127, 133 (Ct.App.1997).

■ The United States Supreme Court has long held that prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 346, 116 S.Ct. 2174, 2177, 135 L.Ed.2d 606, 614 (1996); *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72, 78 (1977); *Johnson v. Avery,* 393 U.S. 483, 485–86, 89 S.Ct. 747, 748–49, 21 L.Ed.2d 718, 721–22 (1969). The "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498, 52 L.Ed.2d at 83 (emphasis added). *See also Martinez,* 130 Idaho at 535, 944 P.2d at 132. Methods other than providing law libraries may be employed to satisfy a prisoner's right of access to the courts. *Martinez,* 130 Idaho at 535, 944 P.2d at 132.

Providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand for a law library. *See Lewis,* 518 U.S. at 350–51, 116 S.Ct. at 2179–80, 135 L.Ed.2d at 617–18; *Bounds,* 430 U.S. at 830–31, 97 S.Ct. at 1499–1500, 52 L.Ed.2d at 84–85; *United States v. Taylor,* 183 F.3d 1199, 1205 (10th Cir.1999). The constitution is not offended when a prisoner is required to choose between court-appointed counsel and proceeding pro se without the state providing legal materials. *Taylor,* 183 F.3d at 1205. Consequently, any prisoner who voluntarily, knowingly, and intelligently waives his or her right to counsel in a criminal proceeding is not entitled under the constitution to alternative means of access to the courts, including access to a law library or other legal material. *See United States v. Byrd,* 208 F.3d 592, 593 (7th Cir.2000); *Taylor,* 183 F.3d at 1205; *United States v. Kincaide,* 145 F.3d 771, 778 (6th Cir.1998); *United States v. Chatman,* 584 F.2d 1358, 1360 (4th Cir.1978). *But see United States v. Sarno,* 73 F.3d 1470, 1491 (9th Cir.1995).

■ In the instant case, Brandt was offered access to the courts through the assistance of court-appointed counsel. Brandt rejected this offer. The state was not required under either the state or federal constitution to provide Brandt with any alternative means of accessing the courts—including providing legal materials. "Prisoners may not dictate to the state the method by which access to the courts will be assured." *Penland v. Warren County Jail,* 759 F.2d 524, 531 n. 7 (6th Cir.1985). As a result, the magistrate did not abuse its discretion in denying Brandt's motion to dismiss and his motion for meaningful access to the courts.

## III.

## CONCLUSION

Based upon the foregoing discussion, we hold that Brandt was not denied his constitutional right of access to the courts. The district court's order upholding Brandt's judgment of conviction is affirmed.

Judge LANSING concurs.

Judge SCHWARTZMAN, specially concurring

I concur in the general tenor of the Court's opinion, although I would not go so far as to say that a rejection of appointed counsel completely forecloses the prisoner-defendant from *any and every* constitutional right of access to the courts, such as legal recourse to prepare and have a subpoena served, or review the state's discovery responses in his/her cell. But the constitutional right to prepare some type of defense must be strictly balanced against the legitimate security needs and resource constraints of the prison or jail. *See U.S. v. Robinson,* 913 F.2d 712, 717, (9th Cir.1990).

In situations such as this, I would suggest that a trial court *could,* within its discretion, appoint the public defender as "stand-by" counsel, if only to assist a defendant in securing standard legal materials, such as mentioned above, for his/her pro se defense. *Id.* at 716. The attorney's services should be limited by the trial court to logistical support only, and the defendant so advised. In this way a proper balance can be reasonably achieved between access to the courts and a defendant's right of self-representation within the prison/jail context.