# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 47664

GREG GOMERSALL and CYNDI
GOMERSALL, as the Guardians of the
Minor Child W.G.G.,

   Plaintiffs-Appellants,

v.

ST. LUKE'S REGIONAL MEDICAL
CENTER, LTD., an Idaho general nonprofit
corporation, dba St. Luke's Boise Medical
Center,

   Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2021 Term

Opinion Filed: March 19, 2021

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Steven Hippler, District Judge.

The decision of the district court is <u>affirmed</u>.

Rossman Law Group, PLLC, Boise, for appellant. Eric S. Rossman argued.

Gjording Fouser PLLC, Boise, for respondent. Stephen L. Adams argued.

_____

BRODY, Justice.

This appeal involves a constitutional challenge to Idaho Code section 5-230, the statute governing the time limitation for tort claims involving minor children. Greg and Cyndi Gomersall have brought this action on behalf of their minor child, W.G.G., claiming he received negligent medical treatment at St. Luke's Regional Medical Center (SLRMC) in Boise when he was injured in December 2010. W.G.G. was 6 years old at the time of the incident. The Gomersalls filed suit against SLRMC on January 25, 2019, more than eight years after W.G.G. was alleged to have been injured.

SLRMC moved for summary judgment on the basis that the Gomersalls' medical malpractice action is time-barred under Idaho Code sections 5-219(4) and 5-230. The district court granted SLRMC's motion and dismissed the complaint with prejudice. The Gomersalls

1

contend the district court erred because Idaho Code section 5-230 is unconstitutional. More specifically, they argue that section 5-230 violates W.G.G.'s due process and equal protection rights by failing to toll the statute of limitations for medical malpractice claims until the age of majority. They also contend the district court erred when it held that the doctrine of equitable estoppel did not preclude SLRMC's statute of limitations defense. The Gomersalls timely appealed to this Court. For the reasons set forth below, we affirm the district court's decision granting summary judgment in favor of SLRMC.

## I. FACTUAL AND PROCEDURAL BACKGROUND

W.G.G. was diagnosed with a rare metabolic disorder at birth. Because individuals with this disorder face certain health risks, the Center on Human Development and Disability at the University of Washington provided the Gomersalls with an Emergency Care Letter. The Emergency Care Letter instructs medical providers to administer sodium bicarbonate if W.G.G. is acidotic.

On December 11, 2010, W.G.G. was admitted to the emergency department at SLRMC with various symptoms, including vomiting, diarrhea, and difficulty breathing. The Gomersalls provided SLRMC with the Emergency Care Letter, and the treating physician subsequently ordered a sodium bicarbonate infusion. However, there was a significant delay in administering the sodium bicarbonate. W.G.G. fell into a comatose state and suffered a hypoxic brain injury. After W.G.G. was released from SLRMC on December 17, 2010, he began to suffer from a worsening gait, falls, muscle spasms, and slower speech. W.G.G. has been diagnosed with cerebral palsy and suffers from severe cognitive and motor neurologic deficiencies.

It is undisputed that W.G.G., who was six years old at the time he was treated at SLRMC, suffered objectively ascertainable damage no later than January 3, 2011. The Medication Safety Coordinator at St. Luke's Health System sent a letter to the Gomersalls on that date apologizing for the delay in administering the sodium bicarbonate: "On behalf of St. Luke's, I would like to apologize for the delay in the dose of sodium bicarbonate [W.G.G.] experienced while in our hospital on December 11th." Additionally, the letter stated that SLRMC "will also be making adjustments to a portion of [W.G.G.'s] hospital bill."

Because W.G.G.'s medical bills are paid directly by Medicaid, the Gomersalls did not typically receive billing statements from W.G.G.'s medical providers. Nevertheless, the Gomersalls learned "many months" later that SLRMC did not make adjustments to W.G.G.'s

2

hospital bill. According to the Gomersalls, this explains, in part, why they did not pursue a medical malpractice action on W.G.G.'s behalf more timely:

> As we initially believed that our son had not suffered significant damage and because St. Luke's represented . . . that our bill would be adjusted, in reliance on St. Luke's representation we significantly delayed seeking legal counsel or pursuing legal remedies on behalf of our son as we believed the matter would be resolved.

The Gomersalls filed a medical malpractice action against SLRMC on W.G.G.'s behalf on January 25, 2019—over eight years after W.G.G. suffered objectively ascertainable damage. In its answer, SLRMC denied many of the Gomersalls' allegations. For the purpose of its motion for summary judgment, however, SLRMC accepted all the allegations as true.

The Gomersalls submitted three declarations in opposition to SLRMC's motion for summary judgment: (1) a declaration from Cyndi Gomersall; (2) a declaration from the Gomersalls' attorney, Eric Rossman; and (3) a declaration from a psychologist, Daniel Reisberg, Ph.D. After determining the declarations from Rossman and Reisberg were not relevant, the district court declined to consider them when ruling on summary judgment. The district court also opined that some of the statements in Cyndi Gomersall's declaration did not comply with Idaho Rule of Civil Procedure 56 because they were conclusory. Nevertheless, the district court elected to consider the statements as true for the purpose of summary judgment because they were relevant to resolving the Gomersalls' argument concerning equitable estoppel. The district court explained:

> Under IRCP 56(e), if a party fails to properly support an assertion of fact, the court may give the party an opportunity to properly support or address the fact. Here, even if the [c]ourt were to grant Plaintiff[s] the opportunity to provide foundation for Ms. Gomersall's statement, Plaintiff[s'] equitable estoppel claim fails as a matter of law. Thus, rather than strike the statement, the [c]ourt will consider it as true and address the merits of the estoppel claim.

The district court rejected the Gomersalls' argument that Idaho Code section 5-230 is unconstitutional. The district court also rejected the Gomersalls' contention that the doctrine of equitable estoppel precluded SLRMC from asserting a statute of limitations defense. Hence, the district court held that the Gomersalls' medical malpractice action was time-barred and granted SLRMC's motion for summary judgment. The Gomersalls timely appealed the district court's decision to this Court.

3

## II. STANDARD OF REVIEW

When reviewing a ruling on a motion for summary judgment, this Court utilizes the same standard of review that was employed by the trial court. *Eldridge v. West*, 166 Idaho 303, ___, 458 P.3d 172, 177 (2020) (citing *La Bella Vita, LLC v. Shuler*, 158 Idaho 799, 804–05, 353 P.3d 420, 425–26 (2015)). "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "This Court liberally construes all disputed facts in favor of the nonmoving party and draws all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion." *Jackson v. Crow*, 164 Idaho 806, 811, 436 P.3d 627, 632 (2019) (citing *Chandler v. Hayden*, 147 Idaho 765, 768, 215 P.3d 485, 488 (2009)). A mere scintilla of evidence is not sufficient, however, to create a genuine issue of material fact. *Eagle Springs Homeowners Ass'n, Inc. v. Rodina*, 165 Idaho 862, 868, 454 P.3d 504, 510 (2019) (quoting *Johnson v. Wal-Mart Stores, Inc.*, 164 Idaho 53, 56, 423 P.3d 1005, 1008 (2018)). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Walsh v. Swapp Law, PLLC*, 166 Idaho 629, ___, 462 P.3d 607, 613 (2020) (quoting *Brooks v. Wal-Mart Stores, Inc.*, 164 Idaho 22, 27, 423 P.3d 443, 448 (2018)).

When determining whether a statute is constitutional, this Court exercises de novo review. *State v. Doe*, 140 Idaho 271, 273, 92 P.3d 521, 523 (2004) (citing *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998)). "It is generally presumed that legislative acts are constitutional, that the state legislature has acted within its constitutional powers, and any doubt concerning interpretation of a statute is to be resolved in favor of that which will render the statute constitutional." *Walsh*, 166 Idaho at ___, 462 P.3d at 619 (quoting *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990)). "The party challenging a statute on constitutional grounds bears the burden of establishing that the statute is unconstitutional and 'must overcome a strong presumption of validity.' " *Moon v. N. Idaho Farmers Ass'n*, 140 Idaho 536, 540, 96 P.3d 637, 641 (2004) (quoting *Olsen*, 117 Idaho at 709, 791 P.2d at 1288). "The judicial power to declare legislative action invalid upon constitutional grounds is to be exercised only in clear cases." *Id.* (citing *State ex rel. Brassey v. Hanson*, 81 Idaho 403, 406, 342 P.2d 706, 709 (1959)).

## III. ANALYSIS

Before turning to the legal issues presented in this case, we begin by examining the connection between Idaho Code sections 5-219(4) and 5-230, since the relationship between these two statutes informs our subsequent analysis.

**A. Idaho Code sections 5-219(4) and 5-230 work in tandem to create an eight-year limitations period for minor children under the age of ten to bring a professional malpractice action.**

Idaho Code sections 5-219(4) and 5-230, when viewed together, effectively establish an eight-year limitations period for minor children under the age of ten to bring any type of professional malpractice action—including a medical malpractice action. Under Idaho Code section 5-219(4), a medical malpractice action must be commenced within two years after an objectively ascertainable injury. *Conner v. Hodges*, 157 Idaho 19, 24, 333 P.3d 130, 135 (2014) (quoting *Davis v. Moran*, 112 Idaho 703, 709, 735 P.2d 1014, 1020 (1987)). Section 5-219(4) does not make a distinction between actions belonging to adults or minors; the statute is applicable to all actions.

Under Idaho Code section 5-230, however, if the person seeking to bring an action is under the age of majority, the statute of limitations is tolled for up to six years depending on the age of the child at the time of the alleged injury.

> If a person entitled to bring an action, other than for the recovery of real property, be, at the time the cause of action accrued, either:
>
> 1. Under the age of majority; or
>
> 2. Insane[;]
>
> The time of such disability is not a part of the time limited for the commencement of the action, provided however, that *the time limited for the commencement of an action shall not be tolled for a period of more than six (6) years on account of minority*, incompetency, a defendant's absence from the jurisdiction, any legal disability or for other cause or reason except as specifically provided in section 5-213, Idaho Code.

I.C. § 5-230 (emphasis added).

Thus, Idaho Code sections 5-219(4) and 5-230 work in tandem to effectively create an eight-year limitations period that is applicable to minor children under the age of ten wanting to bring a medical malpractice action. Stated differently, the time limit for a minor to bring such an action is initially tolled for up to six years under Idaho Code section 5-230, then the two-year statute of limitations set forth in Idaho Code section 5-219(4) begins to run.

5

In sum, an adult must initiate a medical malpractice action within two years after suffering objectively ascertainable damage; a minor child, however, has up to eight years to initiate such an action depending on the child's age at the time of injury. I.C. §§ 5-219(4), 5-230.

## B. The district court did not err when it excluded the declarations of Eric Rossman and Daniel Reisberg.

The Gomersalls submitted three declarations in opposition to SLRMC's motion for summary judgment. The first declaration, which was provided by Cyndi Gomersall, concerns the January 3, 2011, letter from the Medication Safety Coordinator at St. Luke's Health System. As explained below, the Gomersalls rely on this declaration to support their argument that the doctrine of equitable estoppel precludes SLRMC from asserting a statute of limitations defense. The second declaration is from the Gomersalls' attorney, Eric Rossman. Rossman's declaration states that, based on his experience, it is common for medical providers to forget "a great deal about the specific care and treatment provided to my clients, even when a claim is brought within the standard two-year limitations period applicable to adult medical negligence claims in Idaho." The Gomersalls offered Rossman's declaration to support their argument that Idaho Code section 5-230 does not avoid evidentiary concerns associated with fading memories. The third declaration is from Daniel Reisberg, a psychologist who works in the area of human memory. In his declaration, Reisberg opined that "tolling limitations periods applicable to minors until they reach the age of majority, at most a period of eighteen years, would have minimal, if any, tangible impact on the memory of potential witnesses and parties." The Gomersalls offered Reisberg's declaration to support their argument that memory loss was not a compelling reason for the legislature to adopt Idaho Code section 5-230.

SLRMC objected to the declarations from Rossman and Reisberg, asserting they were not relevant to the issues raised on summary judgment. The district court agreed and excluded both declarations. Regarding Rossman's declaration, the district court stated: "Mr. Rossman's statements about his own general experience have no bearing on whether I.C. § 5-230 is constitutional. His opinions do not speak to the legislative purpose behind I.C. § 5-230 in particular and do not inform the question of whether the statute is reasonable [sic] related to that purpose." Similarly, in commenting on Reisberg's declaration, the district court stated that, "for the declaration to be relevant, Plaintiff[s] would have to establish that the legislative purpose behind I.C. § 5-230 was to protect against memory loss." Because they were not relevant, the

6

district court declined to consider the declarations from Rossman and Reisberg when ruling on SLRMC's motion for summary judgment.

The Gomersalls note that SLRMC identified memory loss as one of the policy rationales associated with statutes of limitations. Thus, they argue evidence related to memory loss is relevant, and the district court erred by ruling otherwise. We disagree.

"[W]hether evidence is relevant is a matter of law that is subject to free review." *State v. Ehrlick*, 158 Idaho 900, 907, 354 P.3d 462, 469 (2015) (citing *State v. Field*, 144 Idaho 559, 569, 165 P.3d 273, 283 (2007)). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." I.R.E. 401. "Irrelevant evidence is not admissible." I.R.E. 402. Here, for the declarations to be relevant, the Gomersalls needed to establish that the legislative purpose for adopting Idaho Code section 5-230 was to guard against memory loss. They failed, however, to establish that memory loss was the purpose behind the statute. Thus, the declarations from Rossman and Reisberg do not include facts of consequence in determining the Gomersalls' medical malpractice action, and the district court did not err when it held that the declarations were irrelevant.

## C. The district court did not err when it determined that the six-year tolling period in Idaho Code section 5-230 does not violate W.G.G.'s due process right to access Idaho's courts under Article I, Section 18 of the Idaho Constitution.

The district court rejected the Gomersalls' due process argument on two bases. First, because Article I, Section 18 of the Idaho Constitution does not create any substantive rights, the district court held that the Gomersalls could not establish a violation. Second, even if Article I, Section 18 of the Idaho Constitution did provide a substantive due process right, the district court determined that the Gomersalls had failed to show how Idaho Code section 5-230 did not satisfy the rational basis test.

The Gomersalls concede that Article I, Section 18 of the Idaho Constitution—commonly referred to as the open courts provision—creates no substantive rights. Nevertheless, they argue that the open courts provision "firmly guarantees to all Idahoans a procedural right to access the courts . . . ." The Gomersalls cite case law from other states as persuasive authority for their contention "that a minor's procedural right to access the courts is infringed when a limitations period runs prior to reaching the age of majority." They argue that Idaho Code section 5-230 abrogates W.G.G.'s procedural guarantee of access to the courts. We disagree.

7

The open courts provision of the Idaho Constitution states: "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay, or prejudice." Idaho Const. art. I, § 18. This Court has consistently held, however, that Article I, Section 18 of the Idaho Constitution does not create any substantive rights. *See, e.g.*, *Venters v. Sorrento Delaware, Inc.*, 141 Idaho 245, 252, 108 P.3d 392, 399 (2005) (citing *Hawley v. Green*, 117 Idaho 498, 500–01, 788 P.2d 1321, 1323–24 (1990)). Rather, Idaho's open courts provision "merely admonishes Idaho courts to dispense justice and to secure citizens the rights and remedies afforded by the legislature or by the common law . . . ." *Id.* Further, Article I, Section 18 of the Idaho Constitution does not prohibit the legislature from abolishing a common law right or remedy. *See Twin Falls Clinic & Hosp. Bldg. Corp. v. Hamill*, 103 Idaho 19, 24, 644 P.2d 341, 346 (1982) (citing *Jones v. State Bd. of Med.*, 97 Idaho 859, 863, 555 P.2d 399, 403 (1976)). "A statute placing limitations on remedies does not contradict the provision of the Idaho Constitution that courts of justice shall be open to every person and a speedy remedy afforded for every injury of person." *Olsen*, 117 Idaho at 717, 791 P.2d at 1296. Thus, a statute of limitations concerning medical malpractice claims does not violate Article I, Section 18 of the Idaho Constitution. *Hawley*, 117 Idaho at 501, 788 P.2d at 1324.

As previously noted, the Gomersalls concede that Article I, Section 18 of the Idaho Constitution does not create any substantive due process rights. The Gomersalls also concede that the legislature may place time limits on causes of action and remedies without violating the open courts provision of the Idaho Constitution. While recognizing these principles, the Gomersalls attempt to distinguish their case in two ways. First, the Gomersalls contend they are asserting a "procedural right" to access the courts. Second, they argue that the legislature exceeded its authority to "regulate" causes of action and remedies by "wholly abrogating" W.G.G.'s right to access the courts. Notwithstanding the Gomersalls' efforts to repackage these fundamental issues, their argument boils down to the proposition that W.G.G. has a substantive right to access the courts to pursue a medical malpractice action. Their argument fails for the reasons explained below.

In *Hawley v. Green*, this Court addressed whether a statute of limitations that applied to a medical malpractice action violated Article I, Section 18 of the Idaho Constitution. 117 Idaho at 500–01, 788 P.2d at 1321–22. Hawley brought a medical malpractice action against several

8

defendants for their failure to diagnose a tumor. *Id.* The district court determined that Hawley's action was time-barred by Idaho Code section 5-219(4) and granted summary judgment in favor of the defendants. *Id.* Hawley argued that the statute of limitations violated her rights under Article I, Section 18 of the Idaho Constitution by barring her access to the courts before she had a reasonable opportunity to discover the injuries inflicted upon her by the defendants. *Id.* at 500, 788 P.2d at 1323. In rejecting Hawley's argument, this Court explained that the open courts provision does not guarantee a remedy to every individual for every injury. *Id.* Rather, Article I, Section 18 of the Idaho Constitution "merely admonishes the Idaho courts to dispense justice and to secure citizens the *rights and remedies afforded by the legislature* or by the common law . . . ." *Id.* at 501, 788 P.2d at 1324 (emphasis added) (citing *Moon v. Bullock*, 65 Idaho 594, 151 P.2d 765 (1944)). Moreover, this Court reaffirmed that the open courts provision of the Idaho Constitution does not create any substantive rights. *Id.* Thus, this Court held that the statute of limitations in "I.C. § 5-219(4) does not violate art. 1, § 18, of the Idaho Constitution." *Id.*

Similar to the plaintiff in *Hawley*, who was barred from pursuing her medical malpractice action due to the two-year statute of limitations in Idaho Code section 5-219(4), the Gomersalls are barred from pursuing their medical malpractice action due to the eight-year limitations period that is applicable to the case at bar, i.e., the six-year tolling period in Idaho Code section 5-230 coupled with the two-year statute of limitations in Idaho Code section 5-219(4). Contrary to the Gomersalls' argument, Article I, Section 18 of the Idaho Constitution does not preclude the legislature from adopting such limitations. *See Twin Falls Clinic & Hosp. Bldg. Corp.*, 103 Idaho at 24, 644 P.2d at 346. Rather, this Court has expressly held that the legislature may place limits on remedies without violating the open courts provision of the Idaho Constitution. *Olsen*, 117 Idaho at 717, 791 P.2d at 1296 ("A statute placing limitations on remedies does not contradict the provision of the Idaho Constitution that courts of justice shall be open to every person and a speedy remedy afforded for every injury of person."). Further, this Court has "refused to interpret art. 1, § 18, as guaranteeing a remedy to every person for every injury." *Hawley*, 117 Idaho at 500, 788 P.2d at 1323.

The Gomersalls cite case law from five other states as persuasive authority to support their argument that Idaho Code section 5-230 violates the open courts provision of the Idaho Constitution. They note that the high courts in these five states—Alaska, Arizona, Missouri,

Ohio, and Texas—have concluded that a minor's claim may not be barred prior to the age of majority because of the open courts provisions in their constitutions. *See, e.g., Sands ex rel. Sands v. Green*, 156 P.3d 1130, 1135 (Alaska 2007) (stating a statute that bars a minor's personal injury claim because his parents failed to timely file suit violates Alaska's open courts provision). Unlike the state constitutions in Alaska, Arizona, Missouri, Ohio, and Texas, however, the open courts provision in the Idaho Constitution does not confer any substantive rights. *Venters*, 141 Idaho at 252, 108 P.3d at 399. Thus, the cases cited by the Gomersalls are inapposite. *See Sands*, 156 P.3d at 1134 (stating that the right of access to Alaska's courts is an "important" right); *Barrio v. San Manuel Div. Hosp. for Magma Copper Co.*, 692 P.2d 280, 284 (Ariz. 1984) (stating that Arizona's open courts provision is "stronger and more explicit" than similar provisions in other state constitutions); *Strahler v. St. Luke's Hosp.*, 706 S.W.2d 7, 11 (Mo. 1986) (stating that the right to open courts is one aspect of a citizen's right to petition the government); *Mominee v. Scherbarth*, 503 N.E.2d 717, 721 (Ohio 1986) ("The Ohio due process or due course of law provisions require that all courts be open to every person who is injured."); *Sax v. Votteler*, 648 S.W.2d 661, 665 (Tex. 1983) ("A statute or ordinance that unreasonably abridges a justiciable right to obtain redress for injuries caused by the wrongful acts of another amounts to a denial of due process under article I, section 13, [of the Texas Constitution] and is, therefore, void."). In sum, Alaska, Arizona, Missouri, Ohio, and Texas have concluded that a minor's claim may not be barred prior to the age of majority because the open courts provisions in their constitutions provide substantive rights. In contrast, it was settled by this Court long ago that Article I, Section 18 of the Idaho Constitution does not confer any substantive rights. *Venters*, 141 Idaho at 252, 108 P.3d at 399.

The Gomersalls also cite to *Doe v. Durtschi*, 110 Idaho 466, 716 P.2d 1238 (1986), to support their argument that there are important policy reasons to toll the statute of limitations until a minor reaches the age of majority. In *Durtschi*, this Court held that the six-year tolling provision in Idaho Code section 5-230 applied to a 120-day notice requirement in the Idaho Tort Claims Act. *Id.* at 479, 716 P.2d at 1251. In reaching that decision, this Court noted that minors frequently lacked the ability to comply with short notice requirements. *Id.* at 476, 716 P.2d at 1248. "Minors lack the judgment, experience, and awareness to protect their rights with appropriate, timely civil action; they also lack the ability to appear in court on their own behalf." *Id.* The Gomersalls argue that these same policy concerns apply to the six-year tolling period in

Idaho Code section 5-230. The Gomersalls' argument does not reflect this Court's holding in *Durtschi*. Nothing in *Durtschi* stands for the proposition that the tolling period in Idaho Code section 5-230 is unconstitutional. In fact, *Durtschi* implicitly embraces the six-year tolling period in Idaho Code section 5-230 by applying it to the notice requirement in the Idaho Tort Claims Act.

In sum, we conclude that the district court did not err when it rejected the Gomersalls' open courts argument because the tolling provision in Idaho Code section 5-230 does not violate Article I, Section 18 of the Idaho Constitution.

**D. The district court did not err when it held that the six-year tolling provision in Idaho Code section 5-230 does not violate W.G.G.'s equal protection rights under the United States Constitution and the Idaho Constitution.**

The district court held that the six-year tolling provision in Idaho Code section 5-230 does not violate W.G.G.'s equal protection rights. The Gomersalls contend that the district court erred in two ways. First, they assert that Idaho Code section 5-230 effectively creates two classifications concerning minor children: minors who are ten years of age or older at the time of their injury, and minors who are under ten years of age at the time of their injury. Further, they argue that minors under the age of ten are not treated equally because they are never able to pursue a medical malpractice action on their own behalf.

Second, the Gomersalls contend that the district court erred by utilizing the rational basis test. They argue that the district court should have analyzed their equal protection argument under the strict scrutiny test because "the right to access courts is fundamental." They also contend, however, that even if the rational basis test is utilized, Idaho Code section 5-230 still fails because the statute serves no legitimate governmental purpose.

This Court's equal protection analysis involves three steps: (1) identifying the classification under attack; (2) identifying the level of scrutiny under which the classification will be examined; and (3) determining whether the applicable standard has been satisfied. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 395, 987 P.2d 300, 307 (1999) (citing *Tarbox v. Tax Comm'n*, 107 Idaho 957, 959–60, 695 P.2d 342, 344–45 (1984)). When analyzing equal protection challenges under the United States Constitution, this Court utilizes three levels of scrutiny: strict scrutiny, intermediate scrutiny, and rational basis. *Id.* (citing *Meisner v. Potlatch Corp.*, 131 Idaho 258, 954 P.2d 676 (1998)). The levels of scrutiny employed by this

Court when analyzing equal protection challenges under the Idaho Constitution are substantially similar: strict scrutiny, means-focus, and rational basis. *Id.*

> Where the classification is based on a suspect classification or involves a fundamental right we have employed the strict scrutiny test. Where the discriminatory character of a challenged statutory classification is apparent on its face and where there is also a patent indication of a lack of relationship between the classification and the declared purpose of the statute, the means-focus test is applicable. In other cases the rational basis test is employed.

*Olsen*, 117 Idaho at 710, 791 P.2d at 1289 (internal quotation marks and citation omitted). This Court generally employs the rational basis test when examining statutes concerning economic interests—including statutes of limitations. *See Guzman v. Piercy*, 155 Idaho 928, 940, 318 P.3d 918, 930 (2014) (citing *In re Jerome Cnty. Bd. of Comm'rs*, 153 Idaho 298, 315, 281 P.3d 1076, 1093 (2012)). "Under either the Fourteenth Amendment or the Idaho Constitution, a classification will survive rational basis analysis if the classification is rationally related to a legitimate governmental purpose." *Meisner*, 131 Idaho at 262, 954 P.2d at 680 (citing *Idaho Schools for Equal Educ. v. Evans*, 123 Idaho 573, 850 P.2d 724 (1993)). This Court will not evaluate the fairness or efficacy of the statute that is being challenged. *McLean v. Maverik Country Stores, Inc.*, 142 Idaho 810, 814, 135 P.3d 756, 760 (2006) (quoting *Coghlan*, 133 Idaho at 396, 987 P.2d at 300). Under the rational basis test, a classification will survive scrutiny if there is "any conceivable state of facts which will support it." *Id.* (quoting *Bint v. Creative Forest Prods.*, 108 Idaho 116, 120, 697 P.2d 818, 822 (1985)).

### 1. The classification under attack encompasses minors who suffer objectively ascertainable damage prior to their tenth birthday.

Because Idaho Code sections 5-219(4) and 5-230 work in tandem, the classifications here could be defined as: (1) adults and (2) individuals under the age of majority. When looked at in this manner, adults have only two years under Idaho Code section 5-219(4) to file a medical malpractice action; minors, however, have up to eight years to file such an action. Thus, minors receive preferential treatment in relation to adults, and the Gomersalls' argument that Idaho Code section 5-230 violates a minor's equal protection rights fails.

With that said, we conclude that it is appropriate to define the classifications in question here as: (1) minors who are ten years of age or older when they suffer objectively ascertainable damage and (2) minors who are under the age of ten when they suffer objectively ascertainable damage. When viewed in this light, minors in the first classification will have some period of

12

time to bring a medical malpractice action on their own behalf because they will reach the age of majority before the six-year tolling period in Idaho Code section 5-230 and the two-year statute of limitations in Idaho Code section 5-219(4) elapse; minors in the second classification, however, will not have an opportunity to pursue a medical malpractice action on their own behalf because they will not reach the age of majority before the eight-year limitations period elapses. In other words, minors in the first classification will have direct access to the courts at some point after they reach the age of majority, but minors in the second classification will not have direct access to the courts to bring a medical malpractice action on their own behalf.

### 2. The rational basis test applies here.

The Gomersalls contend that the district court erred when it utilized the rational basis test to assess their equal protection argument because Idaho Code section 5-230 concerns an economic matter. The Gomersalls argue that this Court should utilize the strict scrutiny test to evaluate their equal protection argument because access to the courts constitutes a fundamental right. They cite to *State v. Brandt* to support their contention. 135 Idaho 205, 207, 16 P.3d 302, 304 (Ct. App. 2000) (stating that prisoners have a fundamental constitutional right of access to the courts). *Brandt* is distinguishable from the case at bar, however, because *Brandt* and the cases cited therein concern the rights of *prisoners* to access the courts to challenge their confinement. *Id.* (emphasis added). There is nothing in *Brandt* that stands for the proposition that a minor has a fundamental right to access the courts to pursue a medical malpractice action. In fact, as explained above, this Court has held that Article I, Section 18 of the Idaho Constitution does not create any substantive rights. *Venters*, 141 Idaho at 252, 108 P.3d at 399. Thus, the Gomersalls' argument that this Court should employ the strict scrutiny test as part of its equal protection analysis misses the mark.

Similarly, the means-focus test does not apply here, either. The alleged discriminatory character of Idaho Code section 5-230 is not apparent on its face. Quite the opposite. On its face, Idaho Code section 5-230 provides additional protection to all minors in the form of a six-year tolling period. Further, there is not "a patent indication of a lack of relationship between the classification and the declared purpose of the statute . . . ." *Olsen*, 117 Idaho at 710, 791 P.2d at 1289. Thus, the means-focus test is not applicable.

Because the strict scrutiny test and means-focus test are not applicable, the rational basis test applies to the Gomersalls' equal protection argument. *Id.* (stating that the rational basis test

is employed when the strict scrutiny test and means-focus test are not applicable). Further, this Court generally employs the rational basis test when examining statutes concerning economic interests—including statutes of limitations. *Guzman*, 155 Idaho at 940, 318 P.3d at 930.

### 3. Idaho Code section 5-230 satisfies the rational basis test.

Under the rational basis test, a classification will pass scrutiny if it is rationally related to a legitimate governmental purpose. *Meisner*, 131 Idaho at 262, 954 P.2d at 680. "It is well settled that the state has wide discretion to enact laws affecting some groups of citizens differently than others, and the legislature is presumed to have acted within its constitutional power despite the fact that the enforcement of a statute results in some inequality." *Coghlan*, 133 Idaho at 396, 987 P.2d at 308 (citing *Newlan v. State*, 96 Idaho 711, 714, 535 P.2d 1348, 1351 (1975)).

Here, the legislature amended Idaho Code section 5-230 in 1976 as part of a broader effort to reduce the cost of medical malpractice insurance. Idaho Sess. Laws 1976, ch. 276, § 1. Prior to 1976, Idaho Code section 5-230 generally tolled statutes of limitations until a minor reached the age of majority. *Id.* With the 1976 amendment, however, most statutes of limitations are now tolled for a maximum of six years, even if the minor has not yet reached the age of majority. *Id.* Legislative records at the time Idaho Code section 5-230 was amended show that the purpose for establishing a six-year tolling period for minors was to reduce the "tail of the risk" in order to reduce medical malpractice insurance premiums. Minutes of Idaho House Health and Welfare Committee, p. 2 (January 30, 1976). "The problems which arise are that people bring suit many years later, causing the 'tail of the risk' for insurance companies. These incidents require insurance companies to reserve money for many years after an insurance policy has expired, causing increased premiums." *Id.*

This Court has described the relationship between the "tail of the risk" and Idaho Code section 5-219 as follows:

> Perhaps the most vexing problem in malpractice rate setting nationally has been the protracted period of time that passes prior to the reporting and settlement of malpractice claims. What has been described as the 'long tail' on malpractice losses is the period during which doctors and hospitals may be exposed to liability for iatrogenic injuries following actual patient contact. In part, this results from some statutes of limitations which may not begin to run until several years after the incident which caused the injury. As a result a claim may be far removed in time from the point at which the patient received the actual treatment. In Idaho this problem has been significantly restricted by I.C. [§] 5-219 which sets a limitation of court action for medical malpractice within two years 'following the

14

occurrence, act or omission complained of' or one year following 'discovery' of a foreign object left in the body.

*Jones v. State Bd. of Med.*, 97 Idaho 859, 875, 555 P.2d 399, 415 (1976) (citations omitted). The relationship between the "tail of the risk" and the six-year tolling period delineated in Idaho Code section 5-230 is analogous to the relationship between the "tail of the risk" and the one- and two-year limitations in Idaho Code section 5-219 described above—both statutes are intended to mitigate the "vexing problem in malpractice rate setting" associated with the "tail of the risk."

Based on the foregoing, we conclude that the classifications that resulted from the 1976 amendment to Idaho Code section 5-230 are rationally related to a legitimate governmental purpose. As previously explained, the legislature's purpose for adopting the six-year tolling period was to reduce the "tail of the risk" faced by insurance companies. This, in turn, was intended to reduce the cost of medical malpractice insurance—which is a legitimate governmental purpose. Therefore, Idaho Code section 5-230 satisfies the rational basis test.

The Gomersalls cite case law from New Hampshire, South Dakota, Utah, and West Virginia as persuasive authority to support their argument that Idaho Code section 5-230 violates W.G.G.'s equal protection rights under the United States Constitution and the Idaho Constitution. As the Gomersalls concede, however, the statutory schemes utilized in these other states differ from the statutory scheme employed in Idaho. *See Carson v. Maurer*, 424 A.2d 825 (N.H. 1980), *overruled by Cmty. Res. for Justice, Inc. v. City of Manchester*, 917 A.2d 707 (N.H. 2007); *Lyons v. Lederle Labs.*, 440 N.W.2d 769 (S.D. 1989); *Lee v. Gaufin*, 867 P.2d 572 (Utah 1993); *Whitlow v. Bd. of Educ. of Kanawha Cnty.*, 438 S.E.2d 15 (W.Va. 1993). Unlike Idaho, New Hampshire, South Dakota, Utah, and West Virginia created two sets of rules for minors: a general tolling statute that applied to minors until they reached the age of majority, and a more restrictive tolling statute that applied only to minors pursuing a medical negligence action. The more restrictive tolling statutes in these states created an equal protection concern because they treated minors pursuing a medical negligence action differently from minors pursuing other types of actions. That is not the case in Idaho, however, because Idaho Code section 5-230 applies to all minors and any type of action (with one exception that is not applicable here). Thus, the statutory scheme in Idaho does not result in an equal protection violation.

As this Court has stated, "[t]he judicial power to declare legislative action invalid upon constitutional grounds is to be exercised only in clear cases." *Moon*, 140 Idaho at 540, 96 P.3d at

15

641. Since that is not the situation here, we decline to rule that Idaho Code section 5-230 is unconstitutional. The district court did not err when it held that the six-year tolling period in Idaho Code section 5-230 does not violate W.G.G.'s equal protection rights under the United States Constitution and the Idaho Constitution.

**E. The district court did not err when it held that the doctrine of equitable estoppel does not defeat SLRMC's statute of limitations defense.**

The district court held that the doctrine of equitable estoppel did not preclude SLRMC from asserting a statute of limitations defense on two grounds. First, the district court determined that SLRMC did not make a false representation concerning a past or existing fact. Thus, the Gomersalls could not satisfy the first element of equitable estoppel. Second, the district court determined that, even if the doctrine of equitable estoppel did apply, the Gomersalls did not act with due diligence in pursuing their medical malpractice action after discovering that SLRMC had not adjusted the medical bill.

The Gomersalls argue that the January 3, 2011, letter from the Medication Safety Coordinator at St. Luke's Health System is ambiguous and can "be interpreted as a promise to execute the adjustment [to the medical bill] simultaneously with the letter, making the representation false at the time it was made and thereby satisfying the first element of equitable estoppel." They also assert that the district court made impermissible determinations concerning what the Gomersalls could have done to ascertain the facts that were necessary to act more timely. Accordingly, they contend the district court erred when it held that SLRMC was not estopped from asserting a statute of limitations defense. We disagree.

The doctrine of equitable estoppel serves as a bar to a statute of limitations defense under certain circumstances. *Gregory v. Stallings*, 167 Idaho 123, ___, 468 P.3d 253, 261 (2020). "A defendant will be estopped from raising the statute of limitations as a bar to plaintiff's action where defendant's representations or conduct dissuaded the plaintiff from prosecuting his or her cause of action during the statutory period." *Theriault v. A.H. Robins Co.*, 108 Idaho 303, 307, 698 P.2d 365, 369 (1985) (citing *Holmes v. Iwasa*, 104 Idaho 179, 183, 657 P.2d 476, 480 (1983)). The party invoking equitable estoppel must show:

> (1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth;
>
> (2) that the party asserting estoppel did not know or could not discover the truth;

16

(3) that the false representation or concealment was made with the intent that it be relied upon; and

(4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice.

*Gregory*, 167 Idaho at ___, 468 P.3d at 261–62 (quoting *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 126 Idaho 532, 534, 887 P.2d 1039, 1041 (1994), *abrogated on other grounds by Day v. Transportation Dep't*, 166 Idaho 293, 458 P.3d 162 (2020)). A statement concerning a future event generally does not constitute a false representation. *City of McCall v. Buxton*, 146 Idaho 656, 664, 201 P.3d 629, 637 (2009) (citing *Ferro v. Society of Saint Pius X*, 143 Idaho 538, 540, 149 P.3d 813, 815 (2006)). Rather, the statement must pertain to a past or present fact. *Id.* Moreover, the doctrine of equitable estoppel does not "eliminate, toll, or extend" a statute of limitations. *Id.* "It merely bars a party from asserting the statute of limitations as a defense for a reasonable time after the party asserting estoppel discovers or reasonably could have discovered the truth." *Id.* "Once the party claiming estoppel discovers the truth with respect to the alleged misrepresentations upon which the estoppel is based, that party must act with due diligence in asserting the claim." *Ferro*, 143 Idaho at 541, 149 P.3d at 816.

Here, the Gomersalls rely on Cyndi Gomersall's declaration and the January 3, 2011, letter from the Medication Safety Coordinator at St. Luke's Health System to satisfy the first element of equitable estoppel. The letter states:

On behalf of St. Luke's, I would like to apologize for the delay in the dose of sodium bicarbonate [W.G.G.] experienced while in our hospital on December 11th. Our goal is to always provide prescribed medications in a timely manner. As we discussed, St Luke's has put forth efforts to prevent future occurrences of this nature from occurring again within our organization, as we take your experience very seriously. We *will also be making* adjustments to a portion of [W.G.G.'s] hospital bill.

(Emphasis added).

In her declaration, Cyndi Gomersall references the January 3, 2011, letter and states the following:

My husband and I received no further communications from St. Luke's regarding our bill. As we initially believed that our son had not suffered significant damage and because St. Luke's represented in its . . . letter that our bill would be adjusted, in reliance on St. Luke's representation we significantly delayed seeking legal counsel or pursuing legal remedies on behalf of our son as we believed the matter would be resolved.

17

Many months later we learned that (1) my son had suffered a much more significant injury than first believed and (2) St. Luke's had never made any adjustments to our bill as had been promised in the . . . letter. It was only at that time that my husband and I began to consider and explore the possibility of pursuing legal claims against St. Luke's.

(Paragraph numbers omitted).

To satisfy the first element of equitable estoppel, the Gomersalls must show that SLRMC made a false representation of a material fact with actual or constructive knowledge of the truth. *See Gregory*, 167 Idaho at ___, 468 P.3d at 261–62. Further, the false representation must concern a past or existing event. *See City of McCall*, 146 Idaho at 664, 201 P.3d at 637. Here, the statement in the January 3, 2011, letter that the Gomersalls rely upon to support their argument pertains to a future occurrence. Notwithstanding the Gomersalls' argument to the contrary, the statement by SLRMC that it "will also be making" an adjustment to W.G.G.'s medical bill is unambiguous and pertains to a future event. Hence, because the Gomersalls have failed to satisfy the first element of the doctrine of equitable estoppel, the district court did not err when it held that SLRMC could properly raise a statute of limitations defense.

## IV. CONCLUSION

Based on the foregoing, we affirm the district court's decision granting summary judgment in favor of SLRMC. As the prevailing party, SLRMC is awarded costs on appeal pursuant to Idaho Appellate Rule 40(a).

Chief Justice BEVAN, and Justices BURDICK, STEGNER, and MOELLER CONCUR.